# CHARLESTON.

## STATE v. GEORGE LANETOVICH.

Submitted September 12, 1922.   Decided September 19, 1922.

1. TIME—*Either Day of Passage or Last Day of Time Limit Fixed for Statute ·Becoming Effective May be Excluded, But Not Both.*

   In determination of the date on which an act passed by the Legislature and to become effective ninety days after its passage takes effect, either the day of its passage or the ninetieth future day ascertained by commencement of the count with the day of passage may be excluded, but not both; wherefore an act passed, April 21, 1921, to take effect ninety days after passage, became effective July 20, 1921.   (p. 510.)

2. INTOXICATING LIQUORS—*Evidence Sufficient to Establish Existence of Moonshine Still Stated.*

   To establish the existence of a "moonshine still," as defined by sec. 37 of ch. 108, Acts of 1919, as amended by ch. 115, Acts of 1921, under an indictment charging the accused with having owned, operated, maintained, had in his possession, and had an interest in such a still, it suffices, in the absence of evidence tending to prove the making of liquor by the accused, to prove his ownership, operation, maintenance or possession of, or interest in, a complete still or legally equivalent apparatus or device, or all of the parts thereof, so prepared that it may be set up from them, without further fabrication or preparation; and, supplemented by evidence tending to prove

the manufacture of liquor by the accused, proof of his owner-ship, operation, maintenance, possession of, or interest in, some of the parts of such a still, is sufficient.   (p. 510.)

3.   SAME—*Admission of Evidence of Liquor on Premises at Date Prior to Indictment Reversible Error.*

On the trial of an indictment charging the accused with such an offense, in which the presence of parts of a "moon-shine still," on premises occupied by him and some moon-shine liquor in parts thereof occupied by his sub-tenants, has been established by proof, evidence of the presence of mash from which such liquor could be made, on his premises, at an undisclosed date prior to that on which such parts and such liquor were found, but shown not to have been there on another undisclosed prior date, is inadmissible; and admission thereof, over an objection to it, is reversible error.   (p. 512.)

Error to Circuit Court, Marshall County.

George Lanetovich was convicted of owning, operating, maintaining, possessing, and having an interest in a moon-shine still, and he brings error.

*Reversed and remanded.*

*Frank A. O'Brien* and *D. B. Evans,* for plaintiff in error.

*E. T. England,* Attorney General, *R. Dennis Steed,* Assist-ant Attorney General and *W. G. Brown,* State Prohibition Commissioner, for the State.

POFFENBARGER, PRESIDENT:

On this writ of error to a judgment imposing upon the plaintiff in error, a sentence of confinement in the peniten-tiary for a period of two years, upon a verdict finding him guilty of the charge of owning, operating, maintaining, pos-sessing and having an interest in a moonshine still, insuffi-ciency of the evidence to sustain the verdict, an alleged error in the admission of evidence and departure from the law are relied upon for reversal.

Upon a search of the two-story dwelling house in which the accused resided, two quarts of moonshine liquor in jars, in a tub, under a bed, in one room of the upper story of the building, occupied by people other than the accused, and a keg of blackberry wine in another room of that story, were

found.  In the yard, a burlap sack was found, containing a worm, a boiler cover or lid which fit a common copper boiler found on the back porch and certain metal clamps, suitable for attachment of the cover or lid to the boiler. The defendant, Lanetovich, was the lessee of the entire building. All of the second story seems to have been sub-let to John Kretosky and all of it occupied by him and his family, except one room occupied by Walter Krattock whom he boarded.  The moonshine liquor was found in Kretosky's rooms and the keg of wine in Krattock's room.  Nothing incriminating was found in any of the ground floor rooms. As the officers ascended the stairs, Kretosky passed them, going out, and made his escape.  None of the interested parties know where he is now.  His wife, who clung to the two quarts of moonshine, until they were wrenched out of her hands, was convicted of having had it in her possession and punished.

Lanetovich and his wife admit their ownership of the boiler and say it was used only for boiling clothes.  They deny ownership and all knowledge of the articles found in the yard.  Kretosky's wife and John Rembetski, a guest of the accused, occupying a ground floor room, swear they saw Kretosky deposit or secrete the sack in the yard, at about 5 o'clock a. m. of the day of the search and arrest.  All deny that they ever saw the still in use.

Over an objection interposed by the accused, the State was permitted to prove that a search of the premises made at some time before the discovery of these articles, revealed two barrels of mash, one under the "steps downstairs of the house" and another in a bedroom, and raisin mash buried in the yard.  The accused has made no effort to refute or explain the evidence of the disclosures of the previous search. The relation in point of time between the two searches is not clearly shown.  There were three of them and the intervening week mentioned by the witness may be referable to the first two.

As matter of basic law, it is contended:    (1) that the offense, if any, was committed and is punishable under Sec.

37 of Ch. 108, Acts of 1919, and under the circumstances disclosed, was only a misdemeanor; and, (2), that the ownership, possession and maintenance of separate articles susceptible of combination into a still is not within the condemnation and penalty of the statute.

Sec. 37 of Ch. 108, Acts of 1919, was amended by Ch. 115, Acts of 1921, passed April 21, 1921, and made effective ninety days after its passage, so as to make the offense created by it a felony in all cases, instead of a felony in certain classes of cases and only a misdemeanor in others, as the original act was interpreted in *State* v. *Knosky,* 87 W. Va. 558. Whether the offense charged in this indictment was committed under the original or the amended section depends upon the date on which the amendment took effect. The contraband articles were found and the arrest made July 20, 1921. That is the date of the offense, as proved. Under the rule enunciated in *State* v. *Mounts,* 36 W. Va. 179, either the day of the passage of the act or the ninetieth day thereafter may be excluded from the count, but not both. Application thereof makes the amendatory act take effect on July 20, 1921, wherefore the offense charged, if any, falls within its operation. The ruling in *State* v. *Mounts* is not directly questioned nor is any fallacy or defect in it pointed out. It harmonizes with the law as declared in other jurisdictions and we perceive no ground upon which it can be disturbed.

As to the other proposition submitted as one of law, it suffices to say that the possession of all of the component parts of a still, apparatus or device with which liquor is made, or with which it can be made, supplemented by evidence tending to prove that it has been so used, or is being so used, is clearly sufficient to constitute the offense. If it were not, the statute could be evaded and the illicit industry maintained, by mere dismantling of the still or other device, on discontinuance of its actual use. In the absence of circumstances tending to prove use thereof, it would suffice, of course, to prove possession of a complete still, apparatus or device ready for operation, or maintenance thereof or an

interest therein. We are clearly of the opinion that, in such case, it would suffice also, to prove such relation to all of the component parts so prepared and adjusted that the still could be set up and put into operation from them, without further fabrication. Possession or maintenance . of either such a still or of such parts complete in respect of number and kind would suffice, without proof of their use. But, if all are not produced and there is evidence of actual manufacture of liquor at the place of the finding of substantially all of the necessary parts, the jury could safely infer from the facts proved, the existence of a complete still, apparatus or device, kept and operated by the person identified by the evidence, as being the proprietor, possessor . or operator. While the statute is highly penal and falls under the rule of strict construction, it is not to be frittered away and its purpose defeated by mere artifice on the part of offenders, nor by extreme refinement in judicial construction. Strict construction requires no more than that the case be brought within both the spirit and terms of the instrument. The propositions here stated keep the operation of the statute in question well within these requirements.

In this respect, the verbal evidence adduced by the State, for the purpose of proving the existence of a still, apparatus or device was manifestly defective, but the defects therein may have been supplied by facts disclosed to the jury by inspection of the parts produced. No witness says the coil or worm was connected with the boiler top or cover, or that the parts were so constructed or adjusted that they could be connected up without fabrication. It is clearly not enough, to prove possession of materials out of which a still can be made. It must have been completely made, whether all of the parts are produced or not, and production of some of them may no doubt be excused, if the evidence is clear and strong enough to prove their existence, in the manner above indicated. In as much as the judgment will have to be reversed and a new trial awarded for an error now to be noted, . it is unnecessary to say whether the plaintiff in error has made a sufficient disclosure of a defect in the evidence ad-

duced to prove the existence of a still, to impeach the verdict. If there was such defect, it may be supplied on the new trial, and if it cannot be remedied, another conviction on this indictment is not likely to occur.

The evidence of the finding of mash in and about the premises of the accused, by a search thereof, on some date prior to the search and arrest made, July 20, 1921, was improperly admitted. It was adduced to prove the identity of the accused, as the offender in the alleged crime of July 20, 1921, in two ways. The first contention is that it tends to prove design and purpose on his part to commit an offense of the kind alleged to have been discovered on that date, and the second, that his alleged possession of the mash found on his premises, on some former occasion, constituted part of the offense with which he is now charged, because, it is assumed in argument, he had extracted liquor from it, or needed or desired a still for extraction thereof. The time of the previous incipient offense is not stated with any degree of certainty. The witness said he had assisted in three searches of the premises and had found the mash on the first occasion. On his return to the premises a week later, it had disappeared. By what period of time these visits antedated the discovery and arrest of July 20, 1921, it was obviously impossible for the court or jury to say. It may have been several months. The accused had occupied the house since November, 1919. Failure of the State to bring the two transactions into reasonable proximity in point of time renders proof of the first one clearly inadmissible. To be admissible, evidence of an offense other than the one for which the accused is on trial, adduced to prove his identity, must relate to one closely connected in time with the latter. Moreover, a single isolated and disconnected extraneous offense cannot be proved for such purpose. To be admissible, the similar acts must be numerous and closely connected in time with the one on trial, as well as have features common to it. *First National Bank* v. *Barker*, 75 W. Va. 244, 248. Since the witness stated that, on his second visit, the mash had disappeared, and the times of the first two visits were

not disclosed, its possession by the accused at an undisclosed date in the past cannot be deemed to constitute any part of the offense charged.

As the evidence on the new trial may be materially differ-ent from that disclosed in this record, we refrain from comment on the sufficiency of what we have before us, to sustain the verdict.

For the error in admission of evidence, the judgment complained of will be reversed, the verdict set aside and the case remanded for a new trial.

*Reversed and remanded.*