# CHARLESTON

TOWN OF OCEANA *v.* DENNIE COOK.

Submitted November 26, 1907.   Decided January 14, 1908.

1. APPEAL—*Review—Objections Not Made Below.*

   Alleged errors outside of the case made by the pleadings, or not brought to the attention of the trial court, will not be considered here.   (pp. 297, 298.)

2. MUNICIPAL CORPORATION — *Ordinances—Validity—Statutory Offenses.*

   A municipal ordinance making it "unlawful for any person within" its corporate limits, "by threats, menaces, acts or otherwise, forcibly or illegally, to hinder, obstruct or oppose, or to attempt to obstruct or oppose, or to counsel others to hinder, obstruct or oppose, any officer, in the lawful exercise or discharge of his official duty," and imposing a fine for violation thereof, is not invalid because the offense described is substantially in the terms of section 17, chapter 147, Code, relating to offenses against public justice.   *Judy* v. *Lashley*, 50 W. Va. 628, distinguished.   (p 298, 299.)

Error to Circuit Court, Wyoming County.

Dennie Cook was convicted of violating an ordinance of the town of Oceana, and brings error.

*Affirmed.*

MATHENY & BROWN, for plaintiff in error.

JAMES H. GILMORE and M. P. HOWARD, for defendant in error.

MILLER, PRESIDENT:

An ordinance of the town of Oceana made it unlawful for any person within its corporate limits by threats, menaces, acts or otherwise, forcibly or illegally, to hinder, obstruct or oppose, or attempt to obstruct or oppose, or to counsel others to hinder, obstruct or oppose, any officer in the lawful exercise or discharge of his official duty, and, upon conviction of violation thereof, imposed a fine of not less than $25 nor more than $100 and, at the discretion of the mayor, imprisonment not exceeding thirty days.   The offense is described substantially in the terms of section 17, chapter 147, Code, relating to offenses against public justice.

On December 23, 1905, the sergeant of said town without

a warrant arrested the defendant, taking him before the mayor and there charging him with violation of said ordinance. On his trial before the mayor, he was found guilty and judgment of a fine of $25 and costs pronounced against him. Upon appeal to the circuit court the case by agreement was there tried *de novo*, by the court in lieu of a jury, upon the following agreed state of facts: "That the town of Oceana is an incorporated town; that Dell Cook is its sergeant; that, in the discharge of his duty as such sergeant in said town of Oceana, in attempting to make an arrest for a breach of the peace, said sergeant, Dell Cook, was interfered with by Dennie Cook, the defendant mentioned above; that said sergeant then attempted to arrest said Dennie Cook and resisted by said Dennie Cook; that said resistance to said sergeant and said arrest took place in the corporate limits of said town of Oceana, in Wyoming county, W. Va.; and that said Dennie Cook was then and there arrested, taken before the mayor of said town and fined $25 for resisting said officer." On his trial in the circuit court, the defendant was again found guilty, and, upon his motions in arrest of judgment and for a new trial, both overruled, judgment of a fine of $25 and costs was again pronounced against him, to which judgment he obtained this writ of error.

Neither upon his trial before the mayor, nor in the circuit court upon appeal, did the defendant raise any question regarding the manner of his arrest; nor was the mayor or the circuit court called upon to make any ruling thereon, or upon any other preliminary question raised by him. In both courts the case was rested on its merits, the defendant evidently relying on the alleged invalidity of the ordinance. On the present occasion the defendant attempts to rest his case on two propositions, viz: (1) That he could not be lawfully tried without written warrant of accusation; (2) that, the offense being covered by general law, the municipal ordinance under which he was charged and convicted was void, and the mayor and consequently the circuit court were without jurisdiction to pronounce judgment of fine upon him.

On the first proposition, the rule of practice prevailing here is too familiar to require repetition: that we will not

consider alleged , rors outside of the case made by the pleadings, or errc ; not brought to the attention of the trial court. Beside the point is without merit. The facts agreed show that the offense was committed in the presence of the officer. In such cases, the proceedings may be without warrant of arrest. Code, chapter 50, section 221. This statute, it is true, relates particularly to proceedings before justices; but sections 231 and 232 of the same chapter and section 39 of chapter 47 make it also applicable in proceedings before the mayor of municipal corporations for violation of an ordinance. *Charleston* v. *Beller*, 45 W. Va. 44.

The second proposition is founded on *Judy* v. *Lashley*, 50 W. Va. 628. The point of decision in that case sought to be applied in this was that the power vested in a municipal corporation by section 28, chapter 47, Code, "to protect the persons and property of the citizens of such city, town or village and to preserve the peace and good order therein" did not embrace power to punish acts made criminal and fully covered by state law, except such as may be attended with circumstances of aggravation not included in the state law. The ordinance there involved related to carrying deadly weapons—not, as is obstructing an arrest upon criminal process, an offense at common law, but fully covered by section 7, chapter 145, Code. It was therefore concluded in that case that carrying such weapons, so made an offense by general statute, was so remote from a breach of the peace that the general law empowering municipalities by ordinance "to preserve peace and good order therein" could not by implication be made to cover such an offense. The general proposition whether muncipalities can, without express legislative sanction, parallel by ordinance offenses covered by general law and prescribe similar or different punishment, is elaborately discussed in *Judy* v. *Lashley* with reference to the conflicting authorities, and the conclusion already referred to reached; but it is there said: "All those ordinances regulating cemeteries, commons, markets, vehicles, fires, exhibitions, lamps, licenses, water-works, watch, *police*, city taxes, *city officers*, health, nuisance, etc., are legitimate and proper." "Nay," says Judge Poffenbarger, "I might go further, and conclude

that where the state law defines an offense generally, and prescribes a punishment, without reference to the place where it is committed, in town or country, and the act when committed in the streets and public places of the city would be attended with circumstances of aggravation, such as an affray for instance, the corporate authorities with a view to suppress this special mischief might probably provide against it by ordinance; because that ingredient or concomitant of the crime might not be supposed to be included in the state law."

According to the agreement of facts, the sergeant was in the act of making an arrest for a breach of the peace within the corporate limits, when the first act of the offense was committed; and, by resistance of his own arrest for that offense, the defendant was guilty of a double offense, amounting to a breach of the peace, against which, by the plain terms of the law conferring authority, the municipality is empowered to provide, as it did by the ordinance in question. We think such a circumstance of unlawful interference with a municipal police officer is one of that aggravating kind within the exception of *Judy* v. *Lashley*, if not covered by legislative grant. We can conceive of no more aggravating circumstance than such resistance of a municipal police officer.

We conclude that the ordinance is not invalid; that neither the mayor nor the circuit court was without jurisdiction in the premises; and that, therefore, the judgment below should be affirmed here.

*Affirmed.*