# CHARLESTON.

### STATE *v.* JAMES MADISON JOHN

### (No. 5741)

Submitted February 1, 1927.   Decided February 8, 1927.

1. SEARCHES AND SEIZURES—*Search and Seizure Warrant Must be Executed Within Reasonable Time After Issuance; What Constitutes Reasonable Time After Issuance For Execution of Search and Seizure Warrant Depends on Circumstances (Const. Art. 3 § 6).*

    A search and seizure warrant must be executed within a reasonable time after it is issued. What constitutes a reasonable time depends on the facts and circumstances of the case. *State* v. *Pachesa,* 102 W. Va. 607, 135 S. E. 908, pt. 1, syl. (p. 152).

    (Searches and Seizures, 35 Cyc. p. 1268.)

2. SAME—*Search Warrant Sufficiently Designates Place When From Its Description Officer Can Definitely Locate Place; Search Warrant Locating District in Certain County, and Referring to property as J. Property, Particular Farm Occupied by M. J., Who Had Only One Farm, Held Sufficient.*

    A warrant designates a place to be searched with sufficient particularity, when from the description therein the officer executing the warrant can definitely locate the place. (p. 152).

    (Searches and Seizures, 35 Cyc. p. 1266.)

3. CRIMINAL LAW—*On Objection, Precise Point Relied on Should be Stated; Where Objection is Necessary to Preserve Question for Review, Point Presented to Trial Court Should be Incorporated in Record; General Objection Does Not Merit Review on Appeal, Except in Cases Where Reasons for Stating to Trial Court Precise Point Relied on on Objection, or For Incorporating it in Record, Does Not Apply.*

    When an objection is made in the trial court, the precise point relied upon should be stated so that the trial court may rule understandingly, and the opposing counsel may obviate

the objection if possible. Where an objection is required to preserve a question for appellate review, the point presented to the trial court thereon should be incorporated in the record. Except in cases where the reasons for these rules do not apply, a mere general objection does not merit review. (p. 153).

(Criminal Law, 16 C. J. § 2111; 17 C. J §§ 3335, 3421, 3464.)

4.   SAME—*When Several Evidential Facts Are Correlated in Establishing Issue, Instructing Jury on Effect of One, When Isolated From Other is Error.*

When several evidential facts are correlated in establishing an issue, it is improper to instruct the jury on the effect of one of such facts when isolated from the others. (p. 153).

(Criminal Law, 16 C. J. §§ 2477, 2479.)

5.   SAME—*Failure to Write Names of Witnesses at Foot of Indictment For Owning and Operating Still is Not Reversible Error; on Conviction on Good Count For Owning and Operating Moonshine Still, Error, if Any, in Overruling Demurrer to Second Count for Aiding and Abetting in Its Operation Because of Failure to Give Name of Party Aided, Was Not Reversible Error; on Failure to Show Justice Issuing Search Warrant Was Outside His District, His Proceedings Will be Presumed Regular, Although Warrant Did Not Show Issuance by Justice in District.*

*State* v. *Enoch,* 26 W. Va. 253, pt. 2 syl.; *State* v. *Hoke,* 76 W. Va. 36, pt. 1 syl.; *State* v. *Montgomery,* 94 W. Va. 153, pt. 5 syl., applied. (p. 150).

(Criminal Law, 16 C. J. §§ 1017, 2029; 17 C. J. § 3620.)

(NOTE: Parenthetical references oy Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Monongalia County.

James Madison John was convicted of owning and operating a moonshine still, and he brings error.

*Affirmed.*

*Chas. T. Herd* and *Donley* & *Hatfield,* for plaintiff in error.
*Howard B. Lee,* Attorney General, and *R. A. Blessing,* Assistant Attorney General, for the State.

HATCHER, PRESIDENT:

The defendant was convicted in the circuit court of Monongalia county upon a charge of owning and operating a moonshine still.

The prosecution had its inception in a search and seizure warrant, issued on March 6, 1926. It was executed on March 21, 1926, the sheriff's return showing: "I executed the within warrant by searching the premises of the within named Madison John and finding thereon 411 gallons of moonshine liquor, two fifty gallon stills, forty pounds of charcoal and about 400 pounds of sugar and 9 barrels of apple juice, 1 dozen packages of magic yeast, hose, cooling system to operate a moonshine still."

The defendant offered no evidence at the trial, and the case against him was fully established.

The judgment of the lower court is attacked here because of its several rulings on (a) the indictment, (b) a motion for a continuance, (c) the search warrant and the evidence procured thereby, and (d) instructions.

### The Indictment.

Two criticisms are levelled at the indictment. (1) It bears record that it was found upon the evidence of "J. F. Rodeheaver et al." The statute prescribes that the names of the witnesses before the grand jury shall be written at the foot of the indictment. The defendant says that "et al" is not a compliance with the statute, and the indictment herein should therefore have been quashed. This question was settled many years ago in the case of *State* v. *Enoch*, 26 W. Va. 253, which held that the requirement of the statute in this particular is directory, and that a failure to comply therewith is not fatal to an indictment. That ruling was affirmed in *State* v. *Shores*, 31 W. Va. 491, and reaffirmed in *State* v. *Joseph*, 100 W. Va. 213. (2) The second count of the indictment charges the defendant with aiding and abetting in the operation of a moonshine still, but does not give the name of the party so aided. The defendant says that the name of the principal should have been included in this count. A discussion of the sufficiency of the second count is not necessary, because the verdict of the jury referred specifically to the first count only. The first count was unobjectionable. Under *State* v. *Hope*, 76 W. Va. 36, it is immaterial, when a

conviction is had on a good count, whether a demurrer to other counts should have been sustained. It is clear that an accused cannot be prejudiced by a count upon which he is not found guilty, even though it be defective.

### Continuance.

In support of a motion for continuance, the defendant filed an affidavit alleging that subpoenas for two of his witnesses, Bunt Ashby and Charles Harford, had not been executed. The affidavit admitted that both witnesses were non-residents of West Virginia. ·It stated that Ashby occupied the premises of the accused for about eight months a "little over a year ago" and that since then Ashby had been a weekly visitor on the premises, remaining there on many occasions for several nights at a time, and that affiant expected Ashby to testify that during the many times Ashby was on the premises, no intoxicating liquor had been manufactured. The testimony expected of Ashby would have been of little moment, as the stills could have been operated during the periods Ashby was not there. The affidavit stated that affiant expected to prove by Harford that the stills discovered by the search belonged to Harford, and had been hidden on affiant's premises more than two years before the trial, without his knowledge and consent, and during his absence from home. It is entirely improbable that Harford, a non-resident of the state, would voluntarily respond to the summons of defendant, and place himself within the toils of the law, by proclaiming ownership of the stills. Besides, the evidence shows that at least one of the copper boilers found on the premises had been bought personally by the defendant within six months prior to the search, and that it was blackened and soiled from recent use. Had the expected testimony of Ashby and Harford materialized, it would have availed the defendant nothing.

### The Search Warrant.

(1) The search warrant does not show affirmatively that it was issued by the justice while in his district. In con-

demning the warrant for this reason, defendant cites *State* v. *Hines*, 100 W. Va. 505. In that case it appeared that the justice was outside of his district at the time he issued the warrant. In this case it does not so appear. In the absence of evidence to the contrary, it will be presumed that the proceedings of the justice were regular in this respect. *State* v. *Montgomery*, 94 W. Va. 153.

(2) The description of the premises searched is alleged to be insufficient, on the ground that neither the complaint nor the warrant describes the property as being in Monongalia county, W. Va.; and that both complaint and warrant refer to the property as the "Johns property", while the evidence shows that a number of farms in the immediate vicinity of the premises searched were known as "Johns farms". It is true that the complaint, while describing the property as in Cass district, does not say that Cass district is in Monongalia county, but the warrant itself does locate Cass district as "in the county aforesaid"—that county being Monongalia. While there are several Johns farms in the vicinity of the searched premises, the complaint and warrant particularized the one occupied by Madison John, and there was only one occupied by him. The officers testified that they had no difficulty in locating the property, because they knew where he lived. The prevailing rule is, that the place to be searched is sufficiently described if the officer to whom the warrant is directed is enabled to locate it with certainty. 24 R. C. L. 712; *State* v. *Montgomery, supra,* (162).

(3) The evidence shows that the warrant could have been executed within a few hours. It was held fifteen days before the search was made. The defendant contends that this delay rendered the warrant invalid, and that all evidence secured by reason of the search was inadmissible. *State* v. *Pachesa,* 102 W. Va. 607, 135 S. E. 908 (Adv. Sheets), is cited, which holds that a search and seizure warrant must be executed within a reasonable time after it is issued, otherwise it becomes invalid and its execution is in violation of Sec. 6, Art. 3, Constitution of W. Va. There an unexplained delay of fifty days

was held to be unreasonable and to invalidate the warrant. That case makes no attempt to formulate any definite rule as to what constitutes unreasonable delay. It states that what is reasonable time must depend on the facts and circumstances of each case. In refusing to hold that a delay of forty-eight days in the execution of a search warrant was unreasonable as a matter of law, the Supreme court of South Carolina, in *Farmer* v. *Sellers,* 89 S. C. 492 (499), said: "The character of the person charged with having the stolen or contraband goods in possession, the nature of the crime and other circumstances are to be taken into account. It is obvious to all men that a sporadic or untrained criminal and a professional criminal would stand on a different footing. In the case of an ordinary man suspected of being in possession of stolen goods or contraband liquor it might well be held beyond all doubt reasonable, that a search warrant should be enforced within a few days. On the other hand, when the officer has the task of recovering stolen goods or taking contraband liquor from a trained and disciplined criminal, the enemy of society, it may take weeks of patient observation to ascertain the moment when a search would be of any avail. In such a case the enforcement of the law might be rendered impossible by a judicial holding that a reasonable time for the execution and return of a warrant is the same as in the case of the ordinary criminal." The evidence in the present case demonstrates that the equipment for manufacturing and storing moonshine liquor was so large, ingenious and efficient, and had been in operation for so long, that it was not designed and conducted by an amateur moonshiner. Under the express authority of the South Carolina decision, here is an instance in which delay was reasonable, provided the sheriff was advised that the accused was a seasoned lawbreaker, and for that reason awaited an opportune time to make the search.

We are not unanimous as to whether the character of the operation, (as disclosed by the evidence), of itself excuses the delay, or whether the testimony of the sheriff in explanation thereof should have been required. However, it is not neces-

sary to pass on that question here, for we are unanimous in holding that an appellate court will ordinarily refuse to review a question which the record does not show was definitely and precisely presented to the court below. In this case no mention of the delay is found in any motion or objection. Bill of Exceptions No. 4, taken to the introduction of the search warrant, recites nothing but a bare objection and exception. The grounds assigned upon the motion to set aside the verdict consist of lean statements of error without specification, such as the following: ''The Court erred in admitting in evidence, over the objection and exception of defendant, the search and seizure warrant introduced in evidence in this case, with the testimony of Jared F. Rodeheaver, marked Rodeheaver No. 1.'' In one motion to exclude certain evidence, the search is referred to as ''unlawful.'' In all other motions it is the ''purported warrant,'' as it is sometimes called, that is impugned. The record is barren of indication that the delay was specifically assigned as reason for invalidating the warrant. We have long held that a motion for a new trial should call the attention of the trial court to the grounds relied upon, unless the point is made the subject of a bill of exceptions. *Gregory's Admr.* v. *Rr. Co.*, 37 W. Va. 606. In that case the court condemned general and indefinite assignments of error, and JUDGE BRANNON presaged our ruling here in the statements: ''Rule and, I think, proper practice, should require reasonable specification * * * and I see no reason against, but much reason for, requiring a reasonable specification.'' That dictum is unanimously supported by the text writers and the decisions of both state and federal courts. It is now settled law, that if a party would save exceptions to adverse rulings, so as to be available on error, he must specify the ground upon which he bases his exception. Both the rule and the reason therefor are stated with nice precision by Thompson in his great work on trials. The party objecting, he says, ''must frame his objection so as to bring to the attention of the trial court the specific ground upon which he predicates it, and this must be stated in his bill of exceptions. He *waives* all grounds not so specified. The *reason of the rule*

is twofold: 1. To enable the trial judge to understand the precise question upon which he has to rule, and to relieve him from the burden of searching for objections which counsel is unable to discover, or which he sees fit to conceal. 2. To afford the opposite party an opportunity to obviate it before the close of the trial, if well taken.'' Thompson on Trials, par. 693. App. Pro. Elliott, 730; Ency. Pl. & Pr., 218-9; 2 Stand. Ency. Pro., 269; 2 R. C. L., 90; 3 C. J., 746-7-8. In the authority last cited, n. 16, p. 746, cites decisions supporting the text, from forty-two states, besides many federal decisions. The reasons for the rule are so obvious that comment thereon is needless. Had the delay, in this case, been assigned as the precise point of objection to the warrant, can any one doubt that counsel for the state would have demanded an explanation of the delay?

## Instructions.

The defendant complains of Instructions Nos. 1, 5, 7, 9, 10, 11, 12, .and 13, given on behalf of the state. No reasons are assigned for the complaint against Instructions 1, 5, 7, and 13, and we see none. Counsel contend that Instruction 9 takes away from the jury the consideration of the purposes for which the defendant had the apparatus (for distilling) in his possession. As the instruction makes no reference to the defendant, but is a mere repetition of statutory law, we do not follow the contention. Besides, the evidence precludes the thought that the possession of the apparatus was for a lawful purpose. Instruction 10 was predicated on evidence as to aiding in the operation of a still. Defendant says that there was no evidence to support the instruction. Admitting that the instruction was improperly given, the accused was found guilty as a principal only, and not as an employee or assistant. The error was therefore harmless. Counsel say that Instructions 11 and 12 attempt to follow *State* v. *Lanetovich*, 91 W. Va. 507, but in their opinion do not conform to that decision. They give no reason for that opinion, and no lack of conformity is to us apparent. Defendant finally complains because his Instruction 9 was rejected. That instruc-

tion informed the jury that the finding of the apparatus in the vicinity of defendant's home did not raise "even a presumption" of his guilt. If there had been no evidence except that as to the apparatus found in the vicinity of his house, the instruction would have been appropriate. But in view of the other evidential facts associated with the apparatus, which pointed to defendant's guilt, it would have been misleading to the jury to instruct it on the effect of one of such facts when isolated from the others. Bishops New Crim. Pro. 2 Vol., par. 978, pt. 4.

Perceiving no error prejudicial to the accused, the judgment of the lower court is affirmed.

*Affirmed.*