# CHARLESTON.

### OIL SERVICE COMPANY v. DETROIT FIDELITY & SURETY COMPANY

### (No. 6114)

### Submitted January 25, 1928. Decided February 7, 1928.

LIMITATION OF ACTIONS—*Surety's Denial of Liability Gives Rise to Immediate Cause of Action Starting Running of Limitation Provided in Fidelity Bond.*

A surety bond executed for the purpose of reimbursing an employer pecuniary loss sustained on account of any act of larceny or embezzlement committed by its employees, provides, as one of the conditions precedent to a right of action thereon, that no suit or action of any kind against the surety for the recovery of a claim under the bond shall be sustainable unless the suit is commenced and the process served within the term of twelve months next after the discovery of any act of larceny or embezzlement on the part of such employees, and further provides that the surety shall have three months within which to pay the loss after being furnished with proof thereof; the denial of liability under the bond by the surety gives rise to an immediate cause of action and starts the running of the time within which suit is required to be brought.

(Fidelity Insurance, 25 C. J. § 21 [Anno].)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Kanawha County.

Action by the Oil Service Company against the Detroit Fidelity & Surety Company. Judgment for plaintiff, and defendant brings error.

*Reversed and remanded.*

*John Wehrle, P. H. Murphy,* and *John V. Brennan,* for plaintiff in error.

*McCabe & Morton, H. L. Snyder, Jr., R. N. Stephens, Jr.,* and *R. G. Kelly,* for defendant in error.

LITZ, JUDGE:

The defendant, Detroit Fidelity and Surety Company, complains of a judgment for $2,303.00 against it in favor of the plaintiff, Oil Service Company, in an action of assumpsit on a surety bond, dated November 1, 1924, wherein the defendant (designated as "surety") agrees to reimburse the plaintiff (designated as "employer") any pecuniary loss which it may sustain on account of any act of larceny or embezzlement committed by its employees.

The bond provides, as one of the conditions precedent to a, right of action thereon, "that no suit or action of any kind against the surety for the recovery of a claim under this bond, shall be sustainable unless the suit is commenced and the process served within the term of twelve months next after the discovery of any act of larceny or embezzlement" on the part of the employee or employees. The surety is given three months within which to reimburse the employer after it has been furnished proof of loss.

The declaration contains the common counts in assumpsit and a special count, averring that the defendant, in said bond, "undertook to and did become liable to the plaintiff for any act or acts of larceny or embezzlement committed by any of the employees named in the schedule annexed thereto and made a part" thereof; and that on account of acts of larceny and embezzlement committed by Albert Garland Hayes (one of the employees so named) between November 1, 1924, and March 10, 1925, at or about which time the same were discovered, the plaintiff had sustained pecuniary loss in the sum of Three Thousand One Hundred Forty-one Dollars and six cents.

The defendant filed, in addition to the plea of the general issue, three special pleas, one of which states that the plaintiff ought not have or maintain its action, because the same was not commenced and the process served within twelve months next after the discovery of any act of larceny or embezzlement on the part of the employee, Hayes. Proof of loss was filed by the plaintiff June 10, 1925, and suit instituted July 24, 1926. The defendant gave notice to the plaintiff July 8, 1925, denying liability under the bond. The trial court refused not only a peremptory instruction on behalf of the defendant, but also an instruction to the effect that if the defendant notified the plaintiff, denying liability, more than twelve months prior to the institution of the action, the verdict should be for the defendant. The defendant assigns this ruling, among other grounds, as cause for reversal. The plaintiff contends that each instruction was properly refused because (1) the suit was commenced within twelve months from the accrual of the cause of action; and (2) that the plea of the statute of limitations, not being verified by affidavit, was improperly filed.

The theory of the first contention is that as the defendant was entitled to three months in which to pay the claim after proof of loss, the cause of action did not accrue until September 6, 1925. The answer of the defendant is, that notwithstanding the extension of time for settlement after proof of loss, its denial of liability communicated to the plaintiff July 8, 1925, gave rise to immediate cause of action. This proposition is well settled. *Continental Insurance Co.* v. *Wickham*, (Ga.) 35 S. E. 287; *Millinery Co.* v. *National Union Fire Insurance Co.*, (N. C.) 75 S. E. 944; *Moore* v. *Accident etc., Co.* (N. C.) 92 S. E. 362; *Baltimore Fire Insurance Co.* v. *Loney*, 20 Md. 20; *Aetna Insurance Co.* v. *Maguire*, 51 Ill. 342; *Insurance Co.* v. *Carry*, 83 Ill. 453. It is said that stipulations in policies of insurance providing for payment of loss within a specified time after proofs of loss are furnished and postponing action in the meantime are for the purpose of enabling the insurer before paying the loss to make a full investigation with a view of determining his liability and its extent and to discharge the obligation, if any,

without the costs of suit.   If the insurer repudiates any obligation under the policy, there can be no reason for further delay and he can not be prejudiced by an immediate action. Hence it is held, both on reason and authority, that a denial of any liability on the policy is a waiver of the right of the company to have the stipulated time before suit is begun, and that the action may be commenced at once.   "It may be stated as a sound general proposition that a cause of action accrues the moment the right to commence an action comes into existence."   17 R. C. L. 749.

It is also a general rule that a limitation within which suit may be brought runs from the accrual of the cause of action.   37 C. J. 807; 17 R. C. L. 748; *Cann* v. *Cann,* 40 W. Va. 138, 20 S. E. 910; *Garber* v. *Armentrout,* 32 Gratt, 235. "It is well settled at law that the limitation begins to run from the moment that the cause of action accrues."   *Huston* v. *Cantril,* 11 Leigh 136, 149; 37 C. J. 807.

The second contention is based upon the idea that the bond sued on is an insurance policy within the meaning of section 64, chapter 125, of the Code, which provides; "That if in any action on a policy of insurance the defense be that the action cannot be maintained because of the failure to perform or comply with, or the violation of any clause, condition or warranty therein, upon or annexed to the policy or contained in or upon any paper which is made by reference a part of the policy, the defendant must file a statement in writing specifying by reference thereto, or otherwise, the particular clause, condition or warranty in respect to which failure or violation is claimed to have occurred, and such statement must be verified by the oath of the defendant, his officer, agent, or attorney at law, to the effect that the affiant believes the matter of defense therein stated will be supported by evidence at the trial."   Whether or not the plea is governed by the statute, as contended, we are of the opinion that this question can not be raised here for the first time.

Only general objection was interposed to the plea and the evidence sustaining it.   The defect now urged could have been readily cured if it had been called to the attention of the court.   "It is now settled law, that if a party would save ex-

ceptions to adverse rulings, so as to be available on error, he must specify the ground upon which he bases his exception. Both the rule and the reason therefor are stated with nice precision by Thompson in his great work on trials. The party objecting, he says, 'must frame his objection so as to bring to the attention of the trial court the specific ground upon which he predicates it, and this must be stated in his bill of exceptions. He *waives* all grounds not so specified. The *reason of the rule* is twofold: 1. To enable the trial judge to understand the precise question upon which he has to rule, and to relieve him from the burden of searching for objections which counsel is unable to discover, or which he sees fit to conceal. 2. To afford the opposite party an opportunity to obviate it before the close of the trial, if well taken.' Thompson on Trials, sec. 693.'' *State* v. *John*, 103 W. Va. 148, 154. In *Long* v. *Pocahontas Consol. Collieries Co.*, 83 W. Va. 380, the defendant during the trial interposed a general objection to, and moved the exclusion of, certain evidence adduced by the plaintiff; and later, on error to this Court, contended that the objection and motion should have been sustained because of alleged variance between the evidence complained of and the declaration. In ruling that neither the objection nor motion was available, this Court said: ''We think that sound and orderly rules of practice require that such objection and motion to exclude predicated on variance should specifically state the ground and should not be regarded as covered by some general objections or a motion entered to catch the court or opposite party in reversible error not specifically pointed out on the trial.''

In 3 C. J. 746, (which cites decisions from practically all of the states and many federal jurisdictions), it is stated: ''When an objection is made, the trial court and opposing counsel are entitled to know the ground on which it is based, so that the court may make its ruling understandingly, and so that the objection may be obviated, if possible; and therefore, as a general rule, objections, whether made by motion or otherwise, and whether to the pleadings, to the evidence, to the instructions or failure to instruct, to the argument, or to other matters, must, in order to preserve questions for

review, be specific and point out the ground or grounds relied upon, and a mere general objection is not sufficient.''

The rule, as stated in 2 R. C. L. p. 90, follows: ''The purpose of requiring an objection to rulings of the trial court is to call to the attention of the court the specific error complained of, and not only must the grounds of the objection be stated with sufficient certainty, but the appellate court will only consider such grounds of objection as are specified.'' Without considering the other points of error, we are of opinion that the trial court should have granted the peremptory instruction requested on behalf of the defendant. The judgment will, therefore, be reversed, the verdict set aside and a new trial awarded.

*Reversed and remanded.*