JOE KONCHESKY, *et al.*

*v.*

S. J. GROVES AND SONS CO., INC., A CORP.

(No. 12254)

Submitted January 28, 1964.     Decided March 24, 1964.

412

*John C. Southern,* for appellants.

*Ezra E. Hamstead, Richard E. Hamstead,* for appellee.

BERRY, JUDGE:

This action was instituted in the Circuit Court of Monongalia County by the plaintiffs, Joe Konchesky and Anna Konchesky, against S. J. Groves and Sons, Inc., a Corporation, and two other defendants, to recover damages to property owned by the plaintiffs, alleged to have been caused as the result of blasting operations at the Morgantown Airport in Monongalia County, West Virginia, in an area known as "the Mileground", located near the City of Morgantown. The buildings owned by the plaintiffs were located quite some distance from the airport and the damage in question was allegedly caused by vibration as a result of the blasting. Two of the defendants were dismissed from this action by stipulation of the parties under Rule 41 (a), (I), (II), Rules of Civil Procedure.

The case proceeded to trial against the defendant Groves and at the completion of the plaintiffs' evidence upon motion of the defendant for a directed verdict, which was resisted by the plaintiffs, the trial court sustained said motion and the jury returned a verdict in favor of the defendant and judgment was entered thereon September 29, 1962. The order recording the directed verdict and the judgment did not contain specific objection by the plaintiff to such action by the court, although the record indicates that said order was entered on the same day after the attorney for the plaintiffs resisted the motion. This argument, which is contained in the record, clearly indicates objection on behalf of the plaintiffs as to the granting thereof.

Upon application to this Court by the plaintiffs, an appeal and supersedeas was granted on June 24, 1963, to the judgment of the Circuit Court of Monongalia County of September 29, 1962.

The plaintiffs owned four houses designated in the record as "pink house", "brick house", "Gray house", and "green house", as well as a store building known as "Joe's Place", all of which were located in the area known as "the Mileground", and across the road from where the airport was being constructed, the location of the buildings varying in distance of about 400 feet to about 1750 feet from said construction. There were other buildings in this area located at similar distances from the airport. Witnesses who testified on behalf of the plaintiffs, and who lived in some of the houses alleged to have been damaged by the blasting, testified that there were some cracks in the buildings and walks before the blasting.

Only one of the plaintiffs, Anna Konchesky, testified during the trial of this case. This plaintiff testified that there was nothing wrong with any of the buildings before the blasting, but that within a short time thereafter cracks and defects appeared in the buildings. However, other witnesses had said there was previous damage, and contractors who testified on behalf of the plaintiffs with regard to the cost of repairing the damages to the buildings were unable to separate the old damage from any

new damage, testifying generally as to the cost of repairing all the damage of any nature to the four houses. The estimated damage done to the business building known as "Joe's Place" was the cost of reconstructing a completely new building, without any attempt being made whatsoever at estimating the value of the building either before or after the alleged damage caused by the blasting. No attempt was made to introduce testimony as to the market value of any of the buildings involved before and after the damage in question. The entire proof of damages done to the four houses was based on the oral testimony of the contractors as to the total amount of cost to repair the damaged areas of the buildings. No attempt was made during the trial to submit itemized estimates of the cost of repairs of such damages.

The trial court directed the verdict to be returned in favor of the defendant because damages had not been properly proved by the plaintiffs during the trial so as to warrant recovery.

The errors assigned in this Court by the appellants, the plaintiffs below, can be consolidated into one assignment, that is, that the trial court erred in directing a verdict in favor of the defendant on the grounds that it was contrary to the law and evidence. The appellee, defendant below, cross assigned error in this Court asserting that the appeal was improvidently granted because of the failure of the plaintiffs below to request that a specific objection be inserted in the final order of September 29, 1962, wherein judgment was entered against them.

It will be necessary to consider the cross assignment of error by the appellee first, because if it prevails it would then be necessary to dismiss the appeal as improvidently awarded, and the assignment of error by the appellants would not be reached.

It is true that it has always been necessary for a party to object or except in some manner to the ruling of a trial court, in order to give said court an opportunity to rule on such objection before this Court will consider such matter on appeal. *Town of Oceana v. Cook,* 63 W. Va. 296, 60 S. E. 145; *Hinton Milling Company v. New River Mill-*

*ing Company,* 78 W. Va. 314, 88 S. E. 1079; *State* v. *John,* 103 W. Va. 148, 136 S. E. 842; *Oil Service Company* v. *Detroit Fidelity & Surety Company,* 105 W. Va. 130, 141 S. E. 626; *Bell* v. *Huntington Development & Gas Company,* 106 W. Va. 155, 145 S. E. 165; *Harmon* v. *Spurlock,* 121 W. Va. 633, 5 S. E. 2d 797; *State* v. *Cruikshank,* 138 W. Va. 332, 76 S. E. 2d 744.

This matter is now governed by Rule 46 of the West Virginia Rules of Civil Procedure, which reads as follows:

> "Formal exceptions to rulings or orders of the court are unnecessary; but for all purposes for which an exception has heretofore been necessary it is sufficient that a party at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take or his objection to the action of the court and his grounds therefor; and, if a party has no opportunity to object to a ruling or order at the time it is made, the absence of an objection does not thereafter prejudice him."

It will be noted that this Rule clearly shows that formal exceptions are unnecessary, but parties must still make it clear that they object to the ruling or order of the court in order to preserve such matter for appeal. Exceptions to the action of the trial court may now be made by the parties under this Rule by making it known to the court the action which is desired of the court or by an objection being made to the action taken by the court and the grounds therefor; and, if a party has no opportunity to object to the ruling or order at the time it is made, the absence of an objection is not prejudicial on appeal. Rule 46 of the West Virginia Rules of Civil Procedure is in the identical language as Rule 46 of the Federal Rules of Civil Procedure governing such matters, and the authorities construing Federal Rule 46 hold that although exceptions are unnecessary by this Rule, it is still necessary for objections to be made. *Pfau* v. *Whitcover,* 139 F. 2d 588; *Monaghan* v. *Hill,* 140 F. 2d 31; *United States* v. *Vater,* 259 F. 2d 667.

However, this Rule provides that it is sufficient if a party against whom a ruling is made opposes the action

taken by the court at the time and indicates the action which he desires, or, if such party did not have an opportunity to object at the time any ruling or order was made by the trial court on a motion of the opposing party, no objection or exception is required, and an appellate court may consider the alleged error even though no formal objection or exception was made or taken. 2B, Barron and Holtzoff, Federal Practice and Procedure, (1961 Ed.), §1021; *Hasselbrink* v. *Speelman,* 246 F. 2d 34. Of course, the safest procedure to avoid the argument that has arisen in this case is to insist upon an unmistakable objection or exception on behalf of the losing party to be placed in every order deciding a point on which the parties have disagreed if such party has the opportunity to do so.

It will therefore be seen that under the circumstances involved in the case at bar, wherein the record clearly indicates that a full discussion on the motion to direct a verdict was had in which the attorney for the appellants, plaintiffs below, stated his grounds in objection to said motion and to the ruling of the court in sustaining said motion, there was no necessity for a formal objection to be contained in the order of the court sustaining the motion and rendering judgment on the verdict directed by the court. Under this interpretation of the Rule in question, which is supported by the authorities construing the Federal Rule and which is in the same language and copied into the West Virginia Rule, it is considered that an objection had been made and the court had an opportunity to make a correct ruling on the legal question involved, and the reason for such objections to be made, as indicated in the prior decided cases relative to such matters, is preserved. 2B, Barron and Holtzoff, Federal Practice and Procedure, (1961 Ed.), §1021; 5 Moore's Federal Practice, 2nd Edition, §46.02. For these reasons, the cross assignment of error by the appellee, defendant below, is not well taken and the appeal was properly granted.

We will now discuss the assignment of error by the appellants, plaintiffs below, that the court erred in directing a verdict in favor of the defendant, that the verdict was contrary to the law and evidence, because there was not

proper proof of damages to submit the case to the jury.

Liability in blasting cases, if properly proved, has been held to be absolute. *Whitney* v. *Ralph Myers Contracting Corporation,* 146 W. Va. 130, 118 S. E. 2d 622. However, without proper proof of damages, no recovery can be had in any case. 5 M.J., Damages, Section 92; *Steel* v. *American Oil Development Company,* 80 W. Va. 206, 92 S. E. 410, L.R.A. 1917E 975; *Chesapeake & Ohio Railway* v. *Allen,* 113 W. Va. 691, 169 S. E. 610; *Turk* v. *McKinney,* 132 W. Va. 460, 52 S. E. 2d 388; *Ripley* v. *C. I. Whitten Transfer Company,* 135 W. Va. 419, 63 S. E. 2d 626. In the instant case the evidence is wholly inadequate to support any verdict or judgment for damages. The plaintiff's evidence indicated that there was old and new damage to the buildings in question, that some of the damage claimed was present before the blasting was done and no separation of such damage was attempted to be made. No itemized estimate of the alleged damage was introduced into evidence and only the total amount of the cost of repairs to all of the damage, with general statements as to areas relating to the four houses in question, was contained in the estimates.

The general rule in determining the amount of damages for injury to real property in a case of this kind is to allow the difference between the market value of the plaintiff's premises before the injury happened and the market value immediately after the injury, taking into account only the damages which had resulted from the defendant's acts. 15 Am. Jur., Damages, Section 109; *Stewart* v. *Baltimore and O. R. Co.,* 33 W. Va. 88, 10 S. E. 26; *Swick* v. *Coal and Coke Co.,* 122 W. Va. 151, 7 S. E. 2d 697; *Stenger* v. *Gas Co.,* 139 W. Va. 549, 80 S. E. 2d 889. The reasonable cost of repairs, if properly proved, can be considered as evidence in determining the market value of property after it has been damaged, but the jury in any case of this nature is not warranted in awarding damages where the evidence is speculative, conjectural or uncertain as to the amount of damages. *Ripley* v. *C. I. Whitten Transfer Company, supra.* The actual existence and the amount of damage must be disclosed with reasonable cer-

tainty. *Stone* v. *Gilbert,* 133 W. Va. 365, 56 S. E. 2d 201. Where proof of damage, considered on general statements rather than on actual estimates of the cost to repair the damage in any given case is vague, indefinite and speculative, no recovery can be had thereon. *Tingler* v. *Lahti,* 87 W. Va. 499, 105 S. E. 810; *Ripley* v. *C. I. Whitten Transfer Company, supra.* Thus, it can be readily seen that the proof as to the alleged damage done to the four houses was not properly proved in order to warrant recovery therefor.

The evidence with regard to the damage done to the building housing the business known as "Joe's Place" was the cost to construct a new building which it was claimed would cost about $16,000. The evidence of the plaintiffs' witnesses was that this building was completely destroyed, and there was no attempt to prove the market value of the building at the time of its destruction. Nor was there any attempt made to furnish an itemized statement of the cost to repair the building. If the cost to restore buildings is more than the value of the building at the time of the injury, damages cannot be recovered in such case on the cost to repair the building. The proper method of proving damages in this instance is clearly set out in point 9, syllabus, of the case of *Mullins* v. *Baker,* 144 W. Va. 92, 107 S. E. 2d 57, which reads as follows: " 'When property is completely destroyed, the amount of recovery is measured by the market value at the time of the destruction. *Stenger* v. *Gas Co.,* 141 W. Va. 347.' " The evidence as to this building completely failed to meet the proper measure of damages necessary in a case of this kind. *Stenger* v. *Gas Co.,* 141 W. Va. 347, 90 S. E. 2d 261; *Mullins* v. *Baker,* 144 W. Va. 92, 107 S. E. 2d 57; *Butler* v. *Smith's Transfer Corp.,* 147 W. Va. 402, 128 S. E. 2d 32.

For the reasons stated herein, the judgment of the Circuit Court of Monongalia County is affirmed.

*Affirmed.*