RULEY, JUDGE:
This claim was asserted to recover damages in the sum of $3,500.00 allegedly sustained by the claimants’ dwelling house as the result of blasting done by the respondent incident to excavating a cut through a hill. The blasting began in March or April, 1977, and continued over a period of six or seven *311 months. The claimants’ dwelling house was about 900 feet from the excavation. The blasting began at an elevation of 1026 feet but continued in depth to 987 feet, which was the elevation of the claimants’ home. The same rock strata in which the blasting was done extended to the claimants’ home. The respondent’s superintendent, who was in charge of the blasting, testified that, to the best of his knowledge, rock strata lay on a horizontal plane. The initial blasts were in patterns of approximately 63 holes with one stick of dynamite and one and one-half pounds of ammonite in each. Toward the end of the blasting, only six to eight holes were being shot at the same time. The respondent’s superintendent was careful to say that he could not deny that there had been vibrations which extended to the claimants’ home. The photographic evidence in the case showed severe damage to the dwelling house consistent with the claimants’ own testimony that it was caused by vibrations from the respondent’s blasting. In view of that evidence, a conclusion to any other effect by the Court would be speculation. Of course, it always has been the law of West Virginia that liability for damage proximately caused by blasting is absolute. See Konchesky v. Groves, 148 W.Va. 411, 135 S.E. 2d 299 (1964). The claimant testified, without objection, that it would cost $2,500.00 to repair the damage sustained by his dwelling. There was no other evidence respecting the amount of damage. Accordingly, an award in that sum should be made.
Award of $2,500.00.