## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Tony Galloway,**
**Petitioner Below, Petitioner**

**FILED**

**November 4, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)  No. 18-0427** (Wood County 07-P-82)

**R.S. Mutter, Deputy Superintendent,**
**Respondent Below, Respondent**

### MEMORANDUM DECISION

Petitioner Tony Galloway, by counsel Reggie Bailey, appeals the April 12, 2018, order of the Circuit Court of Wood County denying his petition for a writ of habeas corpus. Respondent R.S. Mutter, Deputy Superintendent of McDowell County Corrections,[1] by counsel Holly M. Flanigan, Assistant Attorney General, filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On September 15, 2000, Tony Galloway was indicted by the Wood County Grand Jury on the following charges: murder, conspiracy to commit murder, two counts of burglary, conspiracy to commit burglary, grand larceny, conspiracy to commit grand larceny, and contributing to the delinquency of a minor. The charges stemmed from the death of Christian Bush at the hands of petitioner and several co-defendants. Although the co-defendants had a role in committing the crimes, the record established that petitioner had a substantially larger and more violent role in the commission of the crimes.

Petitioner entered a guilty plea to murder and grand larceny. At the time of the guilty plea, the circuit court engaged in a lengthy colloquy with petitioner and developed a factual record to show that the plea was knowingly and intelligently made. The circuit court specifically advised petitioner: "You understand, however, that the court can and maybe will make a recommendation that you not be released on parole?" To which, petitioner responded, "[y]es." Petitioner was sentenced to life in prison with mercy on the murder charge and one to ten years in prison on the

---

[1] Effective July 1, 2018, the positions formerly designated as "wardens" are now designated "superintendents." *See* W. Va. Code § 15A-5-3.

grand larceny charge. The circuit court recommended to the parole board that petitioner never be granted parole.

Petitioner did not file a direct appeal of his conviction or sentence, however he did file a petition for writ of habeas corpus. The petition for writ of habeas corpus alleged three grounds for relief: 1) that petitioner was denied effective assistance of counsel; 2) that the sentence imposed upon petitioner is not what was contemplated or agreed to in his plea agreement, and therefore was not willing or voluntary; and 3) that petitioner's sentence is so grossly disproportionate to that of his similarly situated co-defendants that it violates Article III, Section 10 of the West Virginia Constitution and the equal protection clause of the Fourteenth Amendment to the United States Constitution. The trial court conducted a hearing and entered an order denying petitioner habeas corpus relief on July 5, 2012.

On June 28, 2017, petitioner filed a pro se petition for writ of habeas corpus, effectively mirroring his prior writ. After the circuit court appointed counsel for petitioner, counsel determined that an appeal had been sought, but was not perfected, following the entry of the July 5, 2012, order. Thus, counsel moved to have the order of July 5, 2012, reentered for the purpose of seeking this appeal. On April 12, 2018, the circuit court reentered the July 5, 2012, order denying petitioner's requested relief. This appeal followed.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *Anstey v. Ballard*, 237 W. Va. 411, 787 S.E.2d 864 (2016).

Despite petitioner's prior sworn statement that he was fully satisfied with trial counsel's representation, he now contends that the circuit court erred in finding that he was provided effective assistance of counsel. With regard to this claim, we have held:

> 3.     "In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Syllabus point 5, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995).

> . . . .

> 6.     In cases involving a criminal conviction based upon a guilty plea, the prejudice requirement of the two-part test established by *Strickland v.*

*Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995), demands that a habeas petitioner show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

Syl. Pts. 3 and 6*, State ex rel. Vernatter v. Warden, W. Va. Penitentiary,* 207 W. Va. 11, 528 S.E.2d 207 (1999). "Failure to meet the burden of proof imposed by either part of the *Strickland/Miller* test is fatal to a habeas petitioner's claim." *Id.* at 17, 528 S.E.2d at 213 (quoting *State ex rel. Daniel v. Legursky*, 195 W. Va. 314, 321, 465 S.E.2d 416, 423 (1995)). Importantly, hindsight is not to be applied to the objective standard:

> "In reviewing counsel's performance, courts must apply an objective standard and determine whether, in light of all the circumstances, the identified acts or omissions were outside the broad range of professionally competent assistance while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. Thus, a reviewing court asks whether a reasonable lawyer would have acted, under the circumstances, as defense counsel acted in the case at issue." Syl. Pt. 6, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995).

Syl. Pt. 3, *Raines v. Ballard*, 236 W. Va. 588, 782 S.E.2d 775 (2016).

> Where a counsel's performance, attacked as ineffective, arises from occurrences involving strategy, tactics and arguable courses of action, his conduct will be deemed effectively assistive of his client's interests, unless no reasonably qualified defense attorney would have so acted in the defense of an accused.

Syl. Pt. 21, *State v. Thomas*, 157 W. Va. 640, 203 S.E.2d 445 (1974).

Petitioner contends that his court-appointed attorney failed to properly investigate petitioner's substance abuse history, including chronic alcoholism. As a result of this failure, petitioner argues that he was forced to plead guilty to First-Degree Murder.[2] Here, the circuit court considered the obligation of counsel to undertake pre-trial investigation of possible mental defenses and specifically addressed this obligation in its order:

---

[2] Petitioner raised various other claims of ineffective assistance of counsel. Inasmuch as these matters were not raised below, they are not ripe for appellate review. "Our general rule is that nonjurisdictional questions . . . raised for the first time on appeal, will not be considered." *Shaffer v. Acme Limestone Co., Inc.,* 206 W. Va. 333, 349 n.20, 524 S.E.2d 688, 704 n.20 (1999). *See also Whitlow v. Bd. of Educ. of Kanawha Cty.,* 190 W. Va. 223, 226, 438 S.E.2d 15, 18 (1993) ("Our general rule in this regard is that, when nonjurisdictional questions have not been decided at the trial court level and are then first raised before this Court, they will not be considered on appeal."); *Konchesky v. S.J. Groves & Sons Co., Inc.,* 148 W. Va. 411, 414, 135 S.E.2d 299, 302 (1964) ("[I]t has always been necessary for a party to object or except in some manner to the ruling of a trial court, in order to give said court an opportunity to rule on such objection before this Court will consider such matter on appeal.").

"Counsel are under an obligation to undertake reasonable pre-trial investigation of possible mental defenses where there are indications that a defendant suffers from a significant mental defect." Syl. Pt. 7, *State ex rel. Vernatter v. Warden, West Virginia Penitentiary*, 207 W. Va. 11, 528 S.E.2d 207 (1999). However, counsel is permitted to not pursue a mental defense if counsel is "concerned that opening this issue would likely have a negative impact on the jury." *Id.* at 18, 214.

Contrary to petitioner's argument, a review of the record reflects that counsel did, in fact, investigate petitioner's substance abuse history and alcoholism and counsel vehemently pursued arguments to allow expert testimony regarding petitioner's alcoholism and state of mind. Since this matter was not tried, it is impossible to know what arguments counsel would have presented at trial. The circuit court found:

It is quite possible, and likely that [counsel] intended to argue during trial that the Petitioner was intoxicated during the commission of the alleged crime. In fact, [counsel] brought up the Petitioner's drunkenness during pre-trial hearings and made efforts to argue that the Petitioner's state of mind was impeded due to alcohol. However, [counsel] never had an opportunity to argue this during trial as the Petitioner pled guilty after only the opening statements had been given.

Regardless if [counsel] had decided to avoid arguing the Petitioner's alleged alcoholism this would have been permissible if [counsel] believed that the "issue would have had a negative impact on the jury."

Thus, the circuit court concluded that petitioner failed to prove that he was denied effective assistance of counsel. We agree.

Next, petitioner challenges the voluntariness of his plea. This Court has provided explicit guidance to the circuit courts about the inquiry that the court must engage in before accepting a guilty plea.

When a criminal defendant proposes to enter a plea of guilty, the trial judge should interrogate such defendant on the record with regard to his intelligent understanding of the following rights, some of which he will waive by pleading guilty; 1) the right to retain counsel of his choice, and if indigent, the right to court appointed counsel; 2) the right to consult with counsel and have counsel prepare the defense; 3) the right to a public trial by an impartial jury of twelve persons; 4) the right to have the State prove its case beyond a reasonable doubt and the right of the defendant to stand mute during the proceedings; 5) the right to confront and cross-examine his accusers; 6) the right to present witnesses in his own defense and to testify himself in his own defense; 7) the right to appeal the conviction for any errors of law; 8) the right to move to suppress illegally obtained evidence and illegally obtained confessions; and, 9) the right to challenge in the trial court and on appeal all pre-trial proceedings.

Syl. Pt. 3, *Call v. McKenzie*, 159 W. Va. 191, 220 S.E.2d 665 (1975).

Here, the circuit court engaged in a colloquy with petitioner prior to accepting his guilty plea, however, petitioner argues that the trial judge made a unilateral modification to his binding

plea agreement when the court recommended that petitioner never be released on parole. Accordingly, petitioner believes that he should be permitted to withdraw his guilty plea. Despite petitioner's conclusory allegation that his plea agreement was made pursuant to Rule 11(e)(1)(C)[3] of the West Virginia Rules of Criminal Procedure, that assertion is contrary to the record. At no time did petitioner or the State represent to the court that the agreement was a Rule 11(e)(1)(C) plea agreement. Even if it were a Rule 11(e)(1)(C) plea agreement, petitioner was sentenced to life with mercy on the first-degree murder charge and one to ten years of incarceration on the grand larceny charge, which are precisely the sentences petitioner bargained for with the plea agreement.

Petitioner maintains that he would not have pled guilty if he had known that the circuit court would make a recommendation of no parole; notably, however, the circuit court specifically advised petitioner that it could and maybe would make the recommendation that petitioner not be released on parole. Moreover, petitioner fails to acknowledge that the parole board is independent of the judiciary and has the ultimate discretionary authority to grant or deny parole. *See* Syl. Pt. 1, *State ex rel. Patton v. Rubenstein*, 213 W. Va. 296, 582 S.E.2d 743 (2003). Thus, we find no evidence that petitioner's plea agreement was modified by the circuit court.

Lastly, petitioner argues that his sentence is so grossly disproportionate to that of his similarly situated co-defendants that it violates Article III, Section 10 of the West Virginia Constitution and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. This Court has recognized that disparate sentences for co-defendants are not per se unconstitutional, but has recognized that some courts will reverse on disparity of sentence alone if co-defendants are similarly situated. *See* Syl. Pt. 2, in part, *State v. Buck*, 173 W. Va. 243, 314 S.E.2d 406 (1984).

In essence, petitioner maintains that he was similarly situated to his co-defendants. Upon our review of the record, we note that although the co-defendants had a role in the commission of the crime, the record reflects that their actions were dissimilar to those of petitioner, with petitioner playing a substantially larger and more violent part in the murder of Mr. Bush. Accordingly, the co-defendants were convicted of separate and distinct offenses in accordance with the controlling statutes.[4] For the reasons addressed above, we disagree with petitioner and find that petitioner was not similarly situated to the co-defendants.

For the foregoing reasons, we affirm.

Affirmed.

---

[3] "Where the state agrees that a specific sentence is a suitable disposition of a criminal case and enters into a plea agreement with the defendant pursuant to Rule 11(e)(1)(C) of the *West Virginia Rules of Criminal Procedure,* the trial court may either accept or reject the entire agreement, but it may not accept the guilty plea and impose a different sentence."

Syl. Pt. 2, *State ex rel. Forbes v. Kaufman*, 185 W. Va. 72, 404 S.E.2d 763 (1991).

[4] Inasmuch as the record on appeal is devoid of information related to the co-defendants' cases, including plea offers and sentencing matters, this Court accepts as true petitioner's representations of the co-defendants' convictions and sentences as set forth in his brief.

**ISSUED:**  November 4, 2019

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison

6