# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**February 27, 2024**

C. CASEY FORBES, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**JASON H.,**
**Respondent Below, Petitioner**

**v.) No. 23-ICA-196**    (Fam. Ct. Greenbrier Cnty. No. FC-13-2015-D-37)

**MOZELLA F.,**
**Petitioner Below, Respondent**

## MEMORANDUM DECISION

Petitioner Jason H.[1] ("Father") appeals the April 19, 2023, final order of the Family Court of Greenbrier County, which granted Respondent Mozella F.'s ("Mother") petition for modification of child support, modifying child support to $512.81 per month. Father asserts that the family court's calculation of child support erroneously failed to exclude the proper amount of his overtime compensation from his annual gross income pursuant to the child support guidelines. Mother filed a response in support of the family court's decision.[2] Father did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the family court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties were divorced by final divorce order entered by the Family Court of Greenbrier County on May 20, 2015. Two sons were born of the marriage. One son is over the age of eighteen and emancipated while the other is a minor. The final divorce order incorporated a parenting agreement which gave Mother sole legal custody and primary physical custody of the children. Father was granted partial physical custody of the children on his days off from work. Based upon agreement of the parties, the final divorce order did

---

[1] To protect the confidentiality of the juveniles involved in this case, we refer to the parties' last name by the first initial. *See, e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n. 1 (1990).

[2] Both parties are self-represented.

not provide for child support. On February 7, 2023, Mother filed a petition for modification in family court, requesting child support.

On April 19, 2023, the family court held a final hearing on Mother's petition. The parties supplied financial information to the court for the calculation of child support. Father reported a current annual gross income of $60,315.60, the same income he had earned on his 2022 W-2 form. Mother testified to a current annual gross income of $30,000.00. Mother informed the court that she had been receiving social security disability benefits on behalf of the parties' minor child, but those benefits ceased in 2022. The court found a substantial change in Father's financial circumstances due to the previous child support obligation not being within fifteen percent of the child support guidelines.[3] Following the hearing, the family court entered an order granting Mother's petition for modification by using the child support guidelines to award monthly child support in the amount of $512.81 beginning on April 1, 2023. Father's appeal followed.

For this matter, our standard of review is as follows:

> "In reviewing . . . a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*." Syl., [in part,] *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004).

*Amanda C. v. Christopher P.*, 248 W. Va. 130, 133, 887 S.E.2d 255, 258 (Ct. App. 2022); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of a family court order).

On appeal, Father asserts three assignments of error, which for purposes of this appeal have been consolidated into two issues:[4] (1) whether the family court erred by

---

[3] West Virginia Code § 48-11-105 (2008) states:

(a) The court may modify a child support order, for the benefit of the child, when a motion is made that alleges a change in the circumstances of a parent or another proper person or persons. . . .

(b) The provisions of the order may be modified if there is a substantial change in circumstances. If application of the guideline would result in a new order that is more than fifteen percent different, then the circumstances are considered a substantial change.

[4] It appears that Father's first and third assignments of error present a single issue. *See generally Tudor's Biscuit World of Am. v. Critchley*, 229 W. Va. 396, 402, 729 S.E.2d

2

failing to exclude overtime compensation from Father's gross income when it calculated child support; and (2) whether the family court failed to deviate from the child support guidelines based on Father being the sole provider for his current wife and their two daughters due to wife's health issues.

Father contends that pursuant to the child support calculation worksheet governed by West Virginia Code § 48-13-403, the family court failed to exclude fifty percent of his overtime compensation from his annual gross income when performing the calculation. *See* W. Va. Code § 48-1-228(b)(6) (2001).[5] He further argues that because he is no longer eligible for overtime compensation, the court should have completely excluded his overtime compensation from the calculation. However, even if the court had excluded his overtime, Father asserts that the child support formula fails to consider his family's financial situation and ultimately requests this Court to reduce his child support obligation.

During the family court's final hearing, Father asserted that his current annual gross income was the same as reported in his 2022 W-2 form. Upon careful review of the record below, it appears that Father did not inform the family court that the annual gross income in his 2022 W-2 included overtime compensation, for which he is no longer eligible. He further failed to notify the family court of his family's financial situation.[6] As such, Father

---

231, 237 (2012) (stating that "the assignments of error will be consolidated and discussed accordingly").

[5] West Virginia Code § 48-1-228 (2001) defines "gross income" regarding whether a court shall include certain gross income in its child support calculation. Regarding overtime compensation, subsection (b), subdivision (6) of the statute states that:

> [a]n amount equal to fifty percent of the average compensation paid for personal services as overtime compensation during the preceding thirty-six months: Provided, That overtime compensation may be excluded from gross income if the parent with the overtime income demonstrates to the court that the overtime work is voluntarily performed and that he or she did not have a previous pattern of working overtime hours prior to separation or the birth of a nonmarital child[.]

*Id.*

[6] West Virginia Code § 48-13-702(a) (2001) allows a family court to deviate from the child support guidelines in certain cases if it determines the guidelines to be inappropriate.

> [T]he court may either disregard the guidelines or adjust the guidelines-based award to accommodate the needs of the child or children or the circumstances of the parent or parents. In either case, the reason for the

has waived his right to raise these issues on appeal.[7] *See Noble v. W. Va. Dep't of Motor Vehicles*, 223 W. Va. 818, 821, 679 S.E.2d 650, 653 (2009) ("'Our general rule is that nonjurisdictional questions . . . raised for the first time on appeal, will not be considered.'" (citation omitted)).

Father's assignments of error were not raised during the family court's final hearing. His arguments, while understandable, were raised for the first time before this Court. As our state's highest court has previously held, "it has always been necessary for a party to object or except in some manner to the ruling of a trial court, in order to give said court an opportunity to rule on such objection before this Court will consider such matter on appeal." *Konchesky v. S.J. Groves & Sons Co., Inc.*, 148 W. Va. 411, 414, 135 S.E.2d 299, 302 (1964). For the reasons set forth above, the family court neither abused its discretion in applying the law nor clearly erred in its findings of facts.

Accordingly, we affirm.

Affirmed.

**ISSUED:** February 27, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear

---

deviation and the amount of the calculated guidelines award must be stated on the record (preferably in writing on the worksheet or in the order). Such findings clarify the basis of the order if appealed or modified in the future.

*Id.*

[7] It further appears that Father submitted financial documents to this Court that were not submitted to the family court. It is clear, "[a]nything not filed with the lower tribunal shall not be included in the record on appeal unless the Intermediate Court . . . grants a motion for leave to supplement the record on appeal for good cause shown." W. Va. R. App. P. 6 (b) (2022). Thus, in addition to the issues being waived, this Court is unable to consider the documents because Father failed to submit them to the family court for consideration.