William FINCH, Plaintiff,

v.

Robert R. GEORGE, Elva J. Kopenhafer, Lt. Robert Harvey and certain unknown Naval Officers, Defendants.

No. 89 C 08497.

United States District Court, N.D. Illinois, E.D.

Feb. 13, 1991.

Donald A. Horowitz, Robert Holstein, Holstein Mack & Klein, Chicago, Ill., for plaintiff.

Sharon Johnson Coleman, Asst. U.S. Atty., Chicago, Ill., Lt. Susan R. Chema, Dept. of Navy, Gen. Litigation Div., Office of the Judge Advocate Gen., Alexandria, Va., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Defendants Robert R. George and Lieutenant Robert Harvey have filed a motion to dismiss William Finch's amended complaint. Defendant Elva J. Kopenhafer has filed a motion to dismiss or, in the alternative, for summary judgment. As set forth below, we grant George and Harvey's motion to dismiss,[1] and Kopenhafer's motion for summary judgment.

---

1. Finch's motion to compel George and Harvey to submit certain requested discovery is thus moot.

## I. FACTUAL BACKGROUND

Chicago police officers arrested Finch on July 3, 1987, and released him into the custody of Naval Absentee Collection Unit ("NACU") escorts George and Kopenhafer on suspicion of desertion. George and Kopenhafer took Finch to the Great Lakes Naval Base in Great Lakes, Illinois. En route to the base, Finch told the NACU escorts that he had never been in the Navy, and provided them with the name, former address, and description of a one-time neighbor he suspected of having fraudulently used the name "William Finch" to enlist.

Inquiry by Kopenhafer at the base, including a telephone call to the relevant authorities in Washington, D.C., and contact with Navy personnel aboard "William Finch's" ship, the U.S.S. Theodore Roosevelt, confirmed that the Finch in custody was not the Finch wanted for desertion. Great Lakes officials released Finch, and Kopenhafer detailed the incident at some length for the NACU files.

Illinois state police officers arrested Finch more than a year later, on September 25, 1988, again on suspicion of desertion. It is this second incident that prompted Finch to file this lawsuit. Notwithstanding his protests, and his recitation of the details of the previous year's desertion arrest, Finch was taken by defendant unknown Naval Officers to the Great Lakes station. After receiving a call from the Transient Personnel Unit about a suspected deserter named Finch who claimed never to have been in the Navy, NACU escort Kopenhafer identified Finch as the same person who had been arrested before, and told her superiors that Finch was not the man the Navy was looking for.[2]

Finch's amended complaint alleges violation of the Fourth, Fifth, Sixth, and Ninth Amendments, and various state law provisions, including those prohibiting slander, defamation, invasion of privacy, false arrest, abuse of process, malicious prosecution, and actions motivated by racial animus.

## II. GEORGE AND HARVEY

We dismiss the amended complaint as against George and Harvey for Finch's failure to serve them with process within 120 days after filing his complaint. The federal rules require that if service of the summons and complaint is not made within 120 days after the complaint is filed, and "good cause" cannot be shown to justify the failure, "the action shall be dismissed...." Fed.R.Civ.P. 4(j). Rule 4(j) is designed to encourage diligent prosecution. *See Geiger v. Allen*, 850 F.2d 330, 331 (7th Cir. 1988).

■ The service rule is written in terms of the complaint itself. Finch filed his *amended* complaint on May 17, 1990 and failed to serve George or Harvey within 120 days of that date, an interesting but perhaps academic point insofar as the filing of the amended complaint does not reset the service clock at zero. *See Del Raine v. Carlson*, 826 F.2d 698, 705 (7th Cir.1987). The court permits amended complaints so that the pleadings will conform to the developing evidence, not to enable plaintiffs to "extend the time for service indefinitely." *Id.*

■ Finch nonetheless argues that he made a "reasonable effort" to effect service, that he did not move for enlargement of time because he reasonably expected to accomplish service within the 120–day period, and that George and Harvey have suffered no prejudice by lack of timely service.

■ These arguments ignore the reality that service must be effectuated within 120 days of the filing of the original complaint. *See, e.g., Patterson v. Brady*, 131 F.R.D. 679, 683 (S.D.Ind.1990). Here, Finch filed his first complaint on November 14, 1989, more than six months before the amended complaint filing date that he uses to initiate the 120–day service period. Finch even then did not make a reasonable effort to

---

**2.** Harvey's role in this situation was apparently limited to informing Finch's father that Finch would be released September 27, 1988; in fact, the Navy released Finch from Great Lakes on September 28.

effect service, and has otherwise failed to show "good cause" to explain why service was not made within the 120–day period he would observe. Finch did not even attempt service until some time in August 1990, at least eighty days after filing the *amended* complaint. Further, responding to Finch's deposition subpoena on the Naval Military Personnel Command, a Navy litigation officer specifically told Finch which federal regulations pertained to the release of official information for use in litigation. Finch declined to follow the directions set forth in the officer's letter. This is insufficient to fulfill the "good cause" requirements of Rule 4(j). *See Lewellen v. Morley*, 909 F.2d 1073, 1075–76 (7th Cir.1990). Accordingly, we grant George and Harvey's motion to dismiss.[3]

### III. KOPENHAFER

Finch fails in his response brief to even attempt rebuttal of many of Kopenhafer's arguments. Indeed, in contravention of local rule 12(n), he did not submit opposition to Kopenhafer's 12(m) statement of material uncontested facts. We therefore deem admitted "[a]ll material facts set forth" in Kopenhafer's 12(m) statement. Further, Finch drops his state common law tort claims, asserting that his is "an action against [defendants] for violations of the Fourth, Fifth, Sixth, and Ninth Amendments...." He also concedes that any claim of negligent constitutional infringement must be dismissed, since his amended complaint is "not based on negligence." The common law tort claims and the constitutional negligence claim are therefore dismissed.

■ Finch's conspiracy claim fails to withstand the summary judgment challenges presented by Kopenhafer. The crux

of his argument is that he alleged in his complaint "sufficient circumstances supporting his theory of a conspiracy." Finch's reliance on his pleadings, however, is insufficient as a matter of law to create a material factual dispute, *Hannon v. Turnage*, 892 F.2d 653, 657 (7th Cir.), *cert. denied*, —— U.S. ——, 111 S.Ct. 69, 112 L.Ed.2d 43 (1990), particularly in light of his failure to file a Rule 12(n) statement. Indeed, Finch "cannot rest on mere unsupported denials, and he must come forward with contradictory evidence of his own to establish a genuine issue of material fact." *Id.* Finch fails here to properly support his conspiracy claim.

■ The other allegations in Finch's complaint are also inadequate to survive the summary judgment motion. The only conduct by Kopenhafer alleged to have violated Finch's constitutional rights was her failure to do more than inform her superiors that they had the wrong man. Finch seems to suggest that she had a responsibility to follow-up and somehow ensure that her superior officers promptly released him. Finch offers no authority for the proposition that this conduct by Kopenhafer violated a clearly established constitutional right of which a reasonable officer would have known. Moreover, he does not dispute the fact that Kopenhafer did not herself have the authority to release him. We therefore conclude that Kopenhafer's conduct at the time of the second desertion arrest did not violate Finch's Fourth, Fifth, Sixth, or Ninth Amendment rights.

### IV. CONCLUSION

We dismiss the complaint against George and Harvey. We dismiss the common law tort and constitutional negligence claims

---

**3.** We also dismiss the amended complaint as to certain unknown Naval Officers, pursuant to Rule 4(j). Service has apparently not been made, nor has "good cause" been shown to excuse that failure. Fed.R.Civ.P. 4(j) (failure if service within 120 days after filing complaint, absent good cause, shall result in dismissal "as to that defendant without prejudice upon the court's own initiative...."). The mere fact that these Naval Officers are "unknown" initially does not excuse failure to properly serve them.

In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), plaintiff, ultimately, did manage to serve five agents. *Id.* at 390 n. 2, 91 S.Ct. at 2001 n. 2. Of course, Finch's service problems as to the unknown Naval Officers are compounded by the complaint/amended complaint dilemma plaguing his attempts to litigate against defendants George and Harvey. *See supra* § II.

against Kopenhafer, and grant summary judgment in Kopenhafer's favor on the remaining counts and claims. It is so ordered.