**Michael VAX, Plaintiff,**

v.

**COMMISSIONER OF INTERNAL REVENUE SERVICE, Defendant.**

**Civ. A. No. 1:93–CV–1515–JOF.**

United States District Court, N.D. Georgia, Atlanta Division.

March 10, 1994.

Louis Lebensbaum, Levittown, NY, Steven Howard Sadow, Atlanta, GA, for plaintiff.

Amy Berne Kaminshine, Office of U.S. Atty., N.D.Ga., Atlanta, GA, John D. Pifer, U.S. Dept. of Justice, Tax Div., Washington, DC, for defendant.

*ORDER*

FORRESTER, District Judge.

This matter is before the court on Defendant Commissioner of Internal Revenue's motions to dismiss. Plaintiff Michael Vax originally filed suit in this action on July 2, 1993, seeking review of a jeopardy tax assessment under section 7429 of the Internal Revenue Code. Defendant moves to dismiss, contending that venue is improper, that service of process was inadequate and that no rule nisi motion required under the Local Rules has been filed. For the following reason, the court finds dismissal to be proper.

■ *Federal Rule of Civil Procedure* 4(j) mandates that if effective service is not obtained within 120 days of filing and the plaintiff cannot show good cause why service was not made within that period, the action shall be dismissed without prejudice. *Fed. R.Civ.P.* 4(d)(4) requires plaintiffs to serve copies of a summons and complaint upon "the United States, by delivering a copy of the summons and of the complaint to the United States Attorney for the district in which the action was brought" or to an assigned agent. Plaintiff must also send copies "by registered or certified mail" to the United States Attorney General in Washington, D.C. *Fed. R.Civ.P.* 4(d)(4); *Prisco v. Frank,* 929 F.2d 603, 604 (11th Cir.1991). The Eleventh Circuit has held that the textual distinctions set forth in Rule 4(d)(4) are to be strictly respected. Thus, mailing copies to the United States Attorney's Office alone is insufficient. *Prisco,* 929 F.2d at 604. In this case, it is undisputed that Plaintiff failed to follow the rules mandating service within 120 days of the filing of the original complaint. Correct service, however, was made on an amended complaint filed on July 20, 1993.

■ Defendant argues that Rule 4(j) speaks in terms of the complaint and not an amended complaint and cites to *Patterson v. Brady,* 131 F.R.D. 679, 683 (S.D.Ind.1990), for the proposition that the clock runs only from the original complaint. The rule provides that service must be effected within 120 days after the "filing of the complaint" and does not speak to *amended complaint.* The *Patterson* court relied upon the Seventh Circuit's finding that the time for service may not be extended by the mere amendment of the complaint. *Id.* at 683 (citing *Del Raine v. Carlson,* 826 F.2d 698, 705 (7th Cir.1987)). Rather, only a showing of "good cause" by the plaintiff would excuse a strict enforce-

ment of this rule. While the Seventh Circuit's statement that the purpose of allowing amendments to complaints is "to enable the pleadings to be conformed to the developing evidence rather than to extend the time for service indefinitely," such a rule should not logically apply in this case. No evidence has yet been "developed" in this case since Defendant has not answered and issue has not yet been joined. Since no answer has been filed, Plaintiff may also take advantage of his right to amend freely. *See Fed.R.Civ.P.* 15(a). All that would be gained from a dismissal without prejudice on this ground would be that Plaintiff could just file suit again in this court using the amended complaint and providing the same service of process he has executed with the amended complaint already. Enforcement of the 120–day period therefore would be unnecessarily wasteful. Since it is clear that the amended complaint was timely and correctly served, this court will not dismiss the case on the basis of the Seventh Circuit's rule.

■ Dismissal is proper, however, because of Plaintiff's failure to file a motion for a rule nisi as required under Local Rule 325–1. This rule provides:

All actions arising under 26 U.S.C. § 7429 (1982) shall bear the designation "Review of Jeopardy Assessments" on the complaint next to the style of the case. Upon filing such an action, the filing attorney shall immediately present a motion for rule nisi to the judge to whom the action has been assigned in order that the action might be promptly brought to the judge's attention. Failure to comply with this rule may result in dismissal of the action.

While the term "immediately" may provide some leeway for a plaintiff, it certainly does not contemplate a delay of many months. Plaintiff has provided no reason why he has still failed to comply with the mandate under this local rule. He merely argues that the rule is for the benefit of plaintiffs and, therefore, may be waived. Dismissal without prejudice therefore is proper.[1]

In sum, Defendant's motions to dismiss are GRANTED IN PART and DENIED IN PART [4–1, 8–1]. The Clerk of Court is DIRECTED to DISMISS this action without prejudice.

SO ORDERED.

---

1. The court dismisses without prejudice because Plaintiff is represented by counsel who presumably are responsible for the failure to follow the necessary procedures for beginning an Internal Revenue action in this court. Should a refiling occur, this court also suggests that Defendant's arguments regarding venue should be carefully considered by Plaintiff's counsel before selecting the appropriate venue for commencement of Plaintiff's claims.