**Joseph ANZULEWICZ and Patricia Anzulewicz, et al., Plaintiffs,**

v.

**NATIONAL FUEL GAS SUPPLY CORPORATION, Defendant.**

No. 00–CV–791C(M).

United States District Court, W.D. New York.

May 22, 2002.

---

**48**

Killeen & Killeen, Henry W. Killeen, III, Allithea E. Killeen, of counsel, Orchard Park, NY, for plaintiffs.

1. National Fuel Gas Supply Corporation is a separate legal entity from National Fuel Gas Corporation, which has no involvement in the transactions at issue in this case.

2. In its Memorandum of Law, Item 40, Supply Corp. insists that plaintiffs' constitutional violation claim is "so patently meritless as to warrant consideration of Rule 11 sanctions." Item 40, p. 9. However, Supply Corp. did not comply with the procedural dictates of Rule 11 by filing a separate motion for sanctions. Supply Corp.

Phillips, Lytle, Hitchcock, Blaine & Huber, LLP, Richard F. Griffin, Edward S. Bloomberg, of counsel, Buffalo, NY, for defendant.

## INTRODUCTION

CURTIN, District Judge.

█ Defendant National Fuel Gas Supply Corporation [1] ("Supply Corp.") has brought a motion to dismiss plaintiffs' action pursuant to Fed.R.Civ.P. 12(b)(1), (2), (4), and (6).[2] Item 39. One ground asserted is insufficiency of service of process under Rule 12(b)(4) in that the plaintiffs have never served the defendant with the summons and complaint. The action is dismissed on the ground that plaintiffs have failed to comply with the rules of service set forth in Fed.R.Civ.P. 4.

Plaintiffs include 94 landowners in the Town of Concord, New York. Underneath plaintiffs' land is a naturally occurring underground storage field, called the Zoar Storage Field, where Supply Corp. stores natural gas. The original complaint claimed that plaintiffs' property was taken without fair compensation.

In September 2000, plaintiffs filed their original federal court complaint in this action. Item 39, Ex. A. Supply Corp. has never been served. Item 39, ¶ 5. On February 12, 2001, plaintiffs moved for an extension of time to serve the complaint, which the court granted during oral argument on July 18, 2001. In a confirming written order, the court, *inter alia,* directed plaintiff to serve the complaint and move for class certification by October 26, 2001. Item 29.

During 2001 and early 2002, the court's and the parties' attention was focused on several related cases.[3] Due to the focus on the other cases, no action followed here, including the service of the summons and

may not include such a request in its Rule 12(b)(6) motion. *Intl' Brotherhood of Teamsters v. Carey,* 163 F.Supp.2d 271, 285–86 (S.D.N.Y. 2001).

3. *National Fuel Gas Supply Corp. v. 138 Acres of Land,* 99–CV–602; *Dzara v. U.S. Energy Development Corp.,* 99–CV–603; *National Fuel Gas v. Stevens,* 00–CV–486; *National Fuel Gas v. Mahl,* 00–CV–616.

complaint. Plaintiffs unwisely and without factual basis assumed that service[4] of the complaint had been waived.

## DISCUSSION

### I. Standard Under Rule 4

Federal Rule of Civil Procedure 4(h) provides that service upon a domestic or foreign corporation (such as Supply Corp.) shall be effected by delivering a copy of the summons and complaint to an officer, managing or general agent, or any other authorized agent. Rule 4(m) sets a time frame for service of the summons and complaint to be accomplished, and a procedure to follow if service is not timely made:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

■ If a plaintiff does not comply with Rule 4(m), the court may, upon its own motion, dismiss the complaint. Rule 4(m); *Welsh v. Wilson*, 2000 WL 1708209 (S.D.N.Y. Nov. 15, 2000). Although Rule 4 is given a liberal construction, "there are limits to the rule's malleability. The goal of liberal construction cannot be utilized as a substitute for the plain legal requirement as to the manner in which service of process may be had." 4A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure, Civil 3rd § 1083, p. 436.

### II. Application

In its moving papers, Supply Corp. sought dismissal of plaintiffs' action pursuant to Rules 12(b)(2), lack of jurisdiction over the person, and 12(b)(4), insufficiency of process, on the basis that it had never been served with the complaint or amended complaint.[5] Item 39.

■ Counsel for plaintiffs do not dispute that the complaint and the amended complaint have never been served on Supply Corp. At oral argument on the motion, plaintiffs' counsel indicated that it was her impression that Supply Corp.'s counsel accepted service and had appeared to withdraw their objection to service on counsel. This impression, she added, was fortified by additional conversations she had with Supply Corp.'s counsel.

However, Supply Corp.'s counsel objected to plaintiffs' statement that "[a]pparently the objections to service have been withdrawn," Item 43, ¶ 4, and reiterated that Supply Corp. was seeking dismissal of the complaint, amended complaint, and action on the basis of plaintiffs' non-compliance with, *inter alia*, Rules 12(b)(2) and (4).

Plaintiffs have not served the summons and complaint upon defendants within 120 days, as set forth in Rule 4(m). Although they applied for one extension of time, which was granted, they still did not serve the complaint within the time frame set forth by the court. Their additional application, via telephone, did not conform to the dictates of Rule 4(m), as they provided no good cause for the failure to serve the complaint. Even so, the court granted an extension, and plaintiffs *still* failed to properly serve the com-

---

4. Plaintiffs attempted to serve an amended complaint. This was futile, since plaintiffs' time to serve the original complaint had passed and their attempt to serve the amended complaint was on counsel and not the defendant corporation.

5. The court brings to defendant's attention that it should have moved for dismissal under Rule 12(b)(5), rather than Rule 12(b)(4). Rule 12(b)(5), "insufficiency of service of process," governs objections that "deal with the manner in which service has been made...." 5A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure, Civil 2d, § 1353, p. 277. Here, defendants object that service upon their attorneys is improper. Rule 12(b)(4), however, concerns the *form* of process, such as a summons not properly containing the names of the parties. Rule 12(b)(5), on the other hand, concerns the *mode of delivery* or *lack of delivery* of the summons and complaint. Objections pursuant to Rule 12(b)(2) concern lack of personal jurisdiction, which results when a summons and complaint have not been served on the defendant pursuant to Rule 12(b)(5).

**50**

plaint. Under these circumstances, this court lacks jurisdiction over the defendant which has never been served. The court thus dismisses the complaint, without prejudice, for failure to comply with Rule 4.

Although the defendant has asked the court to deny plaintiffs leave to refile and reserve, this court will, nevertheless, permit plaintiffs to file a new complaint in this matter in order to address the merits of plaintiffs' claims.

### CONCLUSION

Defendant Supply Corp.'s Motion to Dismiss, Item 39, is granted. The Clerk is directed to dismiss plaintiffs' complaint. This action is dismissed without prejudice.

So ordered.