David L. WHITEHEAD, Plaintiff,

v.

CBS/VIACOM, INC., et al., Defendants.

No. CIV.A. 01–1192(RWR).

United States District Court,
District of Columbia.

Feb. 11, 2004.

David L. Whitehead, pro se.

Paul R. Taskier, Dickstein, Shapiro, Morin & Oshinsky, L.L.P., Jason Christopher Chipman, Jonathan Lynwood Abram, Hogan & Hartson, L.L.P., Washington, DC, for Defendants.

## MEMORANDUM OPINION AND ORDER

ROBERTS, District Judge.

Plaintiff David L. Whitehead claims that defendant HarperCollins Publishers, a New York corporation and the publisher of Joyce Carol Oates's book *Blonde,* infringed his works "Marilyn Dances: Happy Birthday Mr. President" and "My Aretha." Harper-

**2**

Collins[1] moves to dismiss the claims pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process, claiming that plaintiff served an entity that is not the registered agent for the corporation, untimely served the improper entity, and untimely filed an opposition to defendant's motion to dismiss.[2] Because plaintiff has not shown that he properly served defendant pursuant to Federal Rule of Civil Procedure 4(h)(1), plaintiff's claims against HarperCollins will be dismissed.

### BACKGROUND

Plaintiff filed his copyright infringement claims in the Superior Court for the District of Columbia, which defendant CBS/Viacom removed to this court on May 30, 2001. Plaintiff filed his amended complaint on August 21, 2001, and later filed a return of service [29] showing that his process server personally served "Renee P. Rice—Team Leader" of "Corp. Service Company" ("CSC") on December 19, 2001. The return states that the summons and complaint were served on "Harper Collins, Inc." at 1090 Vermont Ave., NW, Suite 430 in Washington, D.C. CSC has never been the designated agent for service of process for HarperCollins in the District of Columbia. (Def.'s Mot. to Dismiss at 3, Ex. F at ¶ 7.) The company is, however, the designated agent for the defendant in other jurisdictions. (*Id.*)

### DISCUSSION

■ Federal Rule of Civil Procedure 4(h) governs service of process upon corporations and requires that a copy of the summons and of the complaint be delivered to "an officer, a managing general agent, or to any other agent authorized by appointment or by law

to receive service of process, and if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant." Fed. R.Civ.P. 4(h).[3] The plaintiff bears the burden of proving the validity of service if it is challenged. *See Carimi v. Royal Carribean Cruise Line, Inc.,* 959 F.2d 1344, 1346 (5th Cir.1992); *Zen Music, Inc. v. CVS Corp.,* No. 98–4246, 1998 WL 912102, at *2 (S.D.N.Y. Dec.30, 1998); 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1353 (2d ed.1990). Courts routinely dismiss complaints for insufficient service of process. *See, e.g., Del Raine v. Carlson,* 826 F.2d 698, 704 (7th Cir.1987) (dismissing case because proper service of process "is not some mindless technicality"); *Anzulewicz v. Nat'l Fuel Gas Supply Corp.,* 208 F.R.D. 47, 49 (W.D.N.Y.2002) (dismissing case despite plaintiff's contention that the corporate defendant's counsel had been served); *Mopex, Inc. v. American Stock Exchange, L.L.C.,* No. 02–1656, 2002 WL 342522, at *9 (S.D.N.Y. Mar.5, 2002) (dismissing case for ineffective service even though defendant was on notice of the pending claims); *Mantis v. Cult Awareness Network,* No. 92–2240, 1993 WL 62176, at *1 (D.D.C. Feb.26, 1993) (dismissing case for insufficient service of process when plaintiff left process papers at the desk of a receptionist for the corporate defendant).

■ Rule 4(m) provides that if "service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant ... provided that if the plaintiff shows good cause for the

---

1. HarperCollins submitted the motion to dismiss on behalf of defendant Ecco Press as well. However, by Order dated August 2, 2002, the court dismissed the case as to Ecco Press for insufficient service of process. (Order at 1 n. 1 (Aug. 2, 2002).)

2. Although plaintiff did file his opposition 20 days after the court-imposed deadline, this court will nevertheless consider the arguments set forth in it.

3. Federal Rule of Civil Procedure 4(e)(1) also permits service of process "pursuant to the law

of the state in which the district court is located." Fed.R.Civ.P. 4(e)(1). District of Columbia law regarding service of process upon corporations is identical to federal law. *See* Dist. of Columbia Super. Ct. R. 4(h); *Beachboard v. Trustees of Columbia Univ. in City of New York,* 475 A.2d 398, 400 n. 2 (D.C.1984) (noting that the provision governing service upon corporations under the Federal Rules is identical to the Superior Court Rules under District of Columbia law).

failure, the court shall extend the time for service for an appropriate period." Fed. R.Civ.P. 4(m).[4] Plaintiff bears the burden of showing good cause. *See Taylor,* 2002 WL 32058966, at *6. "Mistake of counsel or ignorance of the rules of procedure usually does not suffice to establish good cause." *Id.* If a process server serves a purported corporate defendant, plaintiff also bears the burden of showing that the recipient was authorized to accept process, or that the process server had cause to believe that the party was authorized to receive service. *See Zen Music, Inc.,* 1998 WL 912102, at *4.

■ Neither party disputes that plaintiff here served CSC in the District of Columbia with the amended complaint. (Def.'s Mot. to Dismiss at 3; Pl.'s Opp'n at 4.) Because CSC is not the registered agent for the defendant in the District of Columbia, plaintiff has not effected proper service under Rule 4(h). Plaintiff argues that the court nevertheless should accept plaintiff's efforts as sufficient because defendant was on notice of the case and because plaintiff exercised diligence in serving CSC.

■ Defendant disputes that it was on notice of plaintiff's complaint. Beth N. Siflin, Vice President and Associate General Counsel of HarperCollins, states in her declaration that HarperCollins had not been on notice of the suit prior to its own efforts to determine what claims may have been pending against it.[5] (Def.'s Mot. to Dismiss at Ex. F (Decl. of Beth N. Siflin at ¶ 11); Def.'s Reply Mem. of P. & A. in Further Support of Def.'s Mot. to Dismiss at 4 n. 2.) According to defendant, CSC never forwarded the complaint and summons, nor did CSC inform defendant of plaintiff's complaint. (*Id.*) In any event, plaintiff cannot fulfill his burden under Rule

4(h) by showing that defendant had notice of the suit. While the purpose of service is to give a defendant notice of the claims against it, notice alone "cannot cure an otherwise defective service." *Zen Music, Inc.,* 1998 WL 912102, at *2; *see also LSJ Investment Co., Inc. v. O.L.D., Inc.,* 167 F.3d 320, 322 (6th Cir.1999) (stating that defendant's actual knowledge of lawsuit was no substitute for proper Rule 4 service of process); *BPA Intern., Inc. v. Kingdom of Sweden,* 281 F.Supp.2d 73, 84 (D.D.C.2003) ("Actual notice does not fulfill the requirements of Rule 4(h)(1).").

■ Equally unavailing is plaintiff's claim that both he and the process server used diligence to determine the proper party upon whom to serve the complaint. Rule 4(h) requires that plaintiff use due diligence before service of process to determine the proper agent and to conform to the requirements of the rule. *See Bachenski v. Malnati,* 11 F.3d 1371, 1376–77 (7th Cir.1993) (noting that a "plaintiff's attempts at service need be, at the least, accompanied by some showing of reasonable diligence") (internal citations omitted). While plaintiff states that he contacted the "Secretary of State's Office, corporate affairs division," CSC's corporate office in Delaware, and defendant's corporate office in New York City to determine the registered agent for defendant, it appears that many of the efforts were belated attempts in September 2002, after process already had been served in December 2001 upon CSC here. (Pl.'s Opp'n at 7–8.) For example, plaintiff claims he contacted defendant's corporate headquarters in September 2002, but claims no such inquiry prior to

4. The parties dispute whether the 120–day time limit began to run at the time the case was removed from Superior Court or upon plaintiff's filing of the amended complaint. *Compare Finch v. George,* 763 F.Supp. 967, 968 (N.D.Ill.1991) (stating that "filing ... the amended complaint does not reset the service clock") *with Guerrero v. Univ. of Dist. of Columbia,* 251 F.Supp.2d 13, 27 (D.D.C.2003) (using, without discussion, an operative deadline 120 days from filing the amended complaint); *Vax v. C.I.R.,* 156 F.R.D. 272, 274 (N.D.Ga.1994) (declining to adopt the Seventh Circuit's interpretation of Rule 4(m) and counting 120 days from the date an amended com-

plaint was filed). It is undisputed, though, that HarperCollins's designated agent for the District of Columbia was not served at all in this case. Because 120 days have passed from the date the case was removed and from the date the amended complaint was filed, the deadline for service has passed.

5. Notably, Rule 4(h) lifts from the defendant's shoulders the burden of combing through court dockets to determine if suit has been filed against it in the District of Columbia.

**4**

serving CSC in December 2001.[6] (*Id.* at 4.) Similarly, plaintiff states that his counsel called the D.C. Business Regulation Administration to investigate, but implies that the call was made in 2002, after time for proper service had already run. (*Id.* at 9.) In addition, plaintiff concedes that CSC told him in 2002 that it was the registered agent "in every state but the District of Columbia." (Def.'s Mot. to Dismiss at 3.) Plaintiff's characterization of that proffer as "peculiar" or "suspicious" (Pl.'s Opp'n at 8), is conclusory and unsupported. While plaintiff may also have called the Secretary of State or CSC headquarters prior to December 2001, he makes no representation that he was diligent in making clear his intent to serve the defendant in the District of Columbia.

## CONCLUSION

Plaintiff has not served HarperCollins with process. Because plaintiff has failed to show good cause for his failure to serve defendant, his claims against defendant will be dismissed. Accordingly, it is hereby

ORDERED that defendant's motion to dismiss [42] be, and hereby is, GRANTED. Plaintiff's claims against HarperCollins are dismissed.[7]

---

6. A defendant's intentional evasion of service may present sufficient cause to excuse improper or untimely service, *Taylor*, 2002 WL 32058966, at *6, since a corporation cannot "complain that the summons was delivered to the wrong person when the process server has gone to its offices, made proper inquiry of defendant's own employees, and delivered the summons according to their directions." *Zen Music, Inc.*, 1998 WL 912102, at *4 (internal citations omitted). Such is not the case here even though plaintiff claims that an individual at the corporate headquarters stated in 2002 that CSC was the proper agent to serve. First, the conversation was after process had already been served. Second, plaintiff does not make clear that he requested the identity of the proper agent for suits in the District of Columbia.

7. Defendant seeks dismissal with prejudice, citing *Whitehead v. Carroll & Graf Pub.*, No. 98–0202, 1999 WL 33409937, *1 (D.D.C. Dec.8, 1999). (Def.'s Mot. to Dismiss at 5.) That case was dismissed with prejudice because plaintiff there made materially false statements to the court to prove proper service. That circumstance is absent here, and Rule 4(m) expressly states that dismissal for insufficient process "shall [be] without prejudice." Fed.R.Civ.P. 4(m).