**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **LILLIE W. COLSTON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 09-776 (RMC)** |
| ) | |
| **FIRST GUARANTEE COMMERCIAL** ) | |
| **MORTGAGE CORPORATION,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**MEMORANDUM OPINION**

On March 14, 2009, Lillie W. Colston, through counsel, sued First Guaranty Commercial Mortgage Corporation,[1] a Maryland corporation, and Aurora Bank, FSB,[2] a Delaware federal savings bank, and unknown Defendant assignees in the District of Columbia Superior Court in a five count Complaint.[3] Count I alleges that Aurora Bank and unknown assignees violated the District of Columbia Consumer Protection Procedures Act, D.C. Code § 28-3901 *et seq.*, by issuing unconscionable mortgage loans to Ms. Colston. Count II alleges that all Defendants violated the Consumer Protection Procedures Act by making misrepresentations of material facts about the terms of the loans. Count III alleges that all Defendants violated District of Columbia common law by making unconscionable loans to Ms. Colston. Count IV alleges that Aurora Bank and unknown

---

[1] First Guaranty Commercial Mortgage Corporation is spelled incorrectly in the caption of the Complaint as First Guarantee Commercial Mortgage Corporation.

[2] Prior to April 14, 2009, Aurora Bank, FSB was known as Lehman Brothers Bank, FSB. The name change was purely re-branding; the entities are one and the same.

[3] Aurora Bank removed the case to this Court on April 28, 2009, which has diversity jurisdiction under 28 U.S.C. § 1332.

assignees violated the federal Truth in Lending Act ("TILA"), 15 U.S.C. 1601 *et seq.*, by failing to include material terms about the loans in their disclosures to Ms. Colston. Count V alleges that First Guaranty violated the District of Columbia Mortgage Lenders and Brokers Act, D.C. Code § 26-1101 *et seq.*, by receiving fees or other payments for negotiating the loans to Ms. Colston.

Aurora Bank moves to dismiss the Complaint under Federal Rules of Civil Procedure 12(b)(5) and (6) for insufficient service of process and failure to state a claim upon which relief can be granted, respectively.[4] *See* Dkt. # 13. Ms. Colston opposes. For the reasons stated herein, the Court will dismiss the counts against Aurora Bank without prejudice under Rule 12(b)(5) for insufficient service of process, and will order Ms. Colston to show cause why her claims against First Guaranty should not also be dismissed without prejudice for the same reasons.

## I. FACTS

The facts are taken from Ms. Colston's Complaint and are assumed to be true. Ms. Colston is a 76-year-old woman who has owned her home in Northeast Washington, D.C. since 1976. Ms. Colston completed the 12th grade and has held various jobs, including working in a hospital and laundry facility. She retired in 1994 and currently receives Social Security benefits and a pension of less than $1,600 a month.

For approximately seven years, Ms. Colston was repeatedly solicited with telephone calls and mailings to refinance the existing mortgage on her home. Ms. Colston refinanced the mortgage on her home each year for the last seven years. This lawsuit concerns the two most recent

---

[4] While the docket transmitted from D.C. Superior Court appears to reflect that First Guaranty was served on March 31, 2009, Ms. Colston has not filed proof of service with this Court and First Guaranty has not responded to the Complaint. In addition, Aurora Bank represented to the Court that counsel for First Guaranty has taken the position that First Guaranty has not been properly served. *See* Notice of Removal [Dkt. # 1] ¶ 18.

refinancings dated March 16, 2006 and January 10, 2007, both of which resulted from repeated solicitation by a First Guaranty broker.

On March 16 2006, Ms. Colston entered into a refinancing loan agreement with Aurora Bank. Although the broker at First Guaranty had promised her a fixed rate mortgage, Ms. Colston was placed into an adjustable rate mortgage. The principal amount on the loan increased from approximately $328,000 to $378,400. Ms. Colston paid $20,939.38 in fees and costs to settle the loan, including a broker fee of $7,606. The loan application failed to list Ms. Colston's monthly income and erroneously indicated that she had $105,000 in personal property.

On January 10, 2007, just ten months later, Ms. Colston entered into a refinancing loan agreement with an entity called Homecomings Financial LLC.[5] Although the broker at First Guaranty had promised her a fixed rate mortgage, Ms. Colston was placed into a negative amortization adjustable rate mortgage. The principal amount on the loan increased from $381,891 to $401,800. Ms. Colston paid $18,362.72 in fees and costs to settle the loan, including a broker fee of $11,452. The loan application erroneously indicated that Ms. Colston received a monthly pension of $6,532.20 and Social Security benefits of $2,051.87 a month, when in fact her total monthly income was less than $1,600 a month. The loan application also erroneously indicated that Ms. Colston had $105,000 in personal property.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 4(c) provides that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish

---

[5] Homecomings Financial LLC is not a defendant in this case, and Ms. Colston does not seek to hold Aurora Bank liable for the January 10, 2007 refinancing.

the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c). Federal Rule of Civil Procedure 12(b)(5) provides that a complaint may be dismissed for "insufficient service of process." Fed. R. Civ. P. 12(b)(5). Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* "Absent a showing of good cause, the district court has discretion to extend the time for service of process." *Lepone-Dempsey v. Carroll County Comm'rs*, 476 F.3d 1277, 1282 (11th Cir. 2007). "[W]hen a district court finds that a plaintiff fails to show good cause for failing to effect timely service pursuant to Rule 4(m), the district court must still consider whether any other circumstances warrant an extension of time based on the facts of the case." *Id.*; *see also Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 341 (7th Cir. 1996); *Thompson v. Brown*, 91 F.3d 20, 22 (5th Cir. 1996); *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995); *Petrucelli v. Bohringer & Ratzinger, GMHB*, 46 F.3d 1298, 1307-08 (3d Cir. 1995). "Only after considering whether any such factors exist may the district court exercise its discretion and either dismiss the case without prejudice or direct that service be effected within a specified time." *Lepone-Dempsey*, 476 F.3d at 1282.

### III. ANALYSIS

"Absent proper service of process, the court may not exercise personal jurisdiction over the defendants named in the complaint." *Dominguez v. District of Columbia*, 536 F. Supp. 2d 18, 22 (D.D.C. 2008); *see also Gorman v. Ameritrade Holding Corp.*, 293 F.3d 506, 514 (D.C. Cir.

2002) (district court lacks personal jurisdiction over defendants "unless the procedural requirements of effective service of process are satisfied"). This is so even if the defendants have actual notice of the lawsuit. *See Chen v. District of Columbia*, 256 F.R.D. 263, 266-67 (D.D.C. 2009).

Aurora Bank argues that it was never properly served. Ms. Colston does not contest, and therefore concedes, that she failed to serve Aurora Bank properly. Because Aurora Bank has not been served properly, the Court lacks personal jurisdiction over it and is powerless to adjudicate the merits of Ms. Colston's allegations against it. The only issue left to be decided is whether the Court should dismiss the allegations against Aurora Bank without prejudice or allow Ms. Colston more time for service.[6]

Rule 4(m) provides that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Ms. Colston argues that because Aurora Bank did not maintain a registered agent for service of process in the District of Columbia, she had good cause for her failure to timely serve Aurora Bank. However, the applicable statute governing service of process provides that "[w]henever any foreign corporation does not have an agent for service of process or the agent cannot be found with reasonable diligence at the agent's registered address, the Mayor shall be the agent for service of process for the corporation." D.C. Code § 29-101.99(e)(2).[7] Indeed, Ms. Colston concedes that she "could have and was prepared to serve the Mayor's Office" and that if she had timely done so, "service would

---

[6] The time for Ms. Colston to perfect service of process under Rule 4(m) lapsed on or about July 14, 2009, approximately 120 days after she filed her Complaint in D.C. Superior Court.

[7] Ms. Colston cites to D.C. Code § 29-101.12. However, that statute appears to apply only to domestic corporations. *See* D.C. Code § 29-101.02(1) (defining "corporation" as "a corporation subject to this chapter, except a foreign corporation").

have been proper." Pl.'s Opp'n to Def.'s Mot. to Dismiss ("Pl's Opp'n") [Dkt. # 15] at 19-20. Because the statute expressly provides for service of process on the Mayor when a foreign corporation does not have an agent for service of process, the fact that Aurora Bank did not have an agent for service of process in the District of Columbia is not good cause for Ms. Colston's failure to timely serve Aurora Bank via the Mayor.

Ms. Colston protests that she "mailed a copy of the Complaint and Summons via certified mail[] return receipt requested to Lehman Brothers' corporate office," that "Aurora acknowledges receiving a copy of the Complaint[,]" and that she "had no inkling that Aurora would contest service — especially since Aurora failed to maintain a registered agent in the District of Columbia (as required by law), and it had a large reputable law firm as defense counsel." *Id.* at 20-21. These arguments do not give the Court personal jurisdiction over Aurora Bank. "While the purpose of service is to give a defendant notice of the claims against it, notice alone cannot cure an otherwise defective service." *Whitehead v. CBS/Viacom, Inc.*, 221 F.R.D. 1, 3 (D.D.C. 2004) (quotation marks and citation omitted). Nor is it helpful that Ms. Colston proclaims to have been unaware that Aurora Bank would contest the sufficiency of service by mail.[8] Ms. Colston alone bore the burden of timely serving Aurora Bank. *See Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987) ("the party on whose behalf service is made has the burden of establishing its validity when challenged; to do so, he must demonstrate that the procedure employed satisfied the requirements of the relevant portions of Rule 4 and any other applicable provision of law") (quotation marks and

___

[8] The Court notes that in its Notice of Removal, Aurora Bank expressly reserved its right to challenge the sufficiency of service of process. *See* Notice of Removal ¶ 17. Thus, there has been no waiver, and thereafter Ms. Colston should have been aware that Aurora Bank might argue that service of process was insufficient.

citation omitted).

Having failed to show good cause for Ms. Colston's failure to effect timely service, the Court will consider whether any other circumstances warrant an extension of time to effect service on Aurora Bank. Ms. Colston argues that dismissal, even if without prejudice, would bar her from stating a TILA claim against Aurora Bank because she "filed her Complaint two days before the expiration of the three-year statute of limitations." Pl.'s Opp'n at 21. While the running of a statute of limitations is a factor that could warrant a permissive extension of time, *see Lepone-Dempsey*, 476 F.3d at 1282, it "does not require the district court to extend time for service of process." *Petrucelli*, 46 F.3d at 1306. Rather, it is just one factor among many. Here, other factors weigh against extending time for service of process. The Court notes that Ms. Colston was at all times represented by counsel; that her counsel, by his own admission, knew he had to serve the Mayor to effect service of process on Aurora Bank;[9] that, despite that knowledge, he never served the Mayor; that he should have been aware that Aurora Bank might contest the sufficiency of service from at least the time Aurora Bank filed its Notice of Removal on April 28, 2009; that Aurora Bank was not evading service; and that Aurora Bank would be prejudiced by an extension because it would have to defend against a TILA claim that otherwise would be time-barred. In these circumstances, where the blame for failing to timely serve a foreign corporation lies squarely with counsel for the Plaintiff, the Court concludes that extending Ms. Colston more time to effect service of process would not be in the interests of justice.

---

[9] Indeed, the Complaint lists the Mayor's Office as Aurora Bank's agent for service of process.

## IV.  CONCLUSION

For the foregoing reasons, the Court will dismiss the counts against Aurora Bank without prejudice under Rule 12(b)(5) for insufficient service of process.  The Court also will order Ms. Colston to show cause why her claims against First Guaranty should not also be dismissed without prejudice for the same reasons.  A memorializing Order accompanies this Memorandum Opinion.


Date: October 26, 2009                                     /s/
                                                    ROSEMARY M. COLLYER
                                                    United States District Judge