**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

John Bradley Midkiff, Beth Midkiff,
and the Estate of John A. Midkiff,
Plaintiffs Below, Petitioners

**FILED**

**May 25, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

vs)  No. 15-0436 (Jefferson County 14-C-47)

Shepherd University, Shepherd University Police
Department, Officer S.A. Moskowitz, individually,
and in his/her official capacity as a Shepherd University
Police Officer, Unknown and Unnamed Officers,
Individually and in their official capacities as Shepherd
University Police Officers, Peter H. Dougherty, in his
capacity as Jefferson County Sheriff, Jefferson County
Sheriff's Department, Jefferson County Commission, and
Unknown and Unnamed Deputies, individually, and in their
official capacities as Employees of the Jefferson County Sheriff,
Defendants Below, Respondents

## MEMORANDUM DECISION

Petitioners John Bradley Midkiff, Beth Midkiff, and the Estate of John A. Midkiff, by counsel Michael S. Bailey, appeal the order of the Circuit Court of Jefferson County, entered on April 17, 2015, granting respondents' motions to dismiss the complaint upon finding that petitioners' claims were barred by res judicata. Respondents Shepherd University, Shepherd University Police Department, and S.A. Moskowitz ("the Shepherd University respondents") appear by counsel Lucien G. Lewin and Amy M. Smith. Respondents Jefferson County Commission, Jefferson County Commission, and Peter H. Dougherty ("the Jefferson County respondents") appear by counsel Joseph L. Caltrider and Julie R. Shank.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioners filed a complaint in the Circuit Court of Jefferson County on February 25, 2013, asserting claims for state constitutional violations, abuse of process, malicious prosecution, negligence, and infliction of emotional distress based on allegations that Petitioner John Bradley Midkiff, the son of John A. Midkiff and Petitioner Beth Midkiff, was unlawfully arrested and

1

assaulted while detained approximately one year prior (Civil Action No. 13-C-68).[1] The defendants initially named were the Jefferson County Sheriff's Department and respondents herein, except for Respondent Commission and Respondent Dougherty. Approximately six-and-one-half months after the filing of the complaint, the court entered an order to show cause why the case should not be dismissed for failure to serve the defendants, and petitioners responded by requesting an extension of time to serve. The court granted the motion for extension, giving petitioners an additional sixty days from the date of the order (thus requiring service to be completed by December 6, 2013). Petitioner effected service on all respondents through the Secretary of State outside of the additional time granted by the court, after December 11, 2013. Thereafter, respondents filed motions to dismiss. Petitioners then filed, on February 4, 2014, a motion to amend the complaint to add the Jefferson County Commission and Sheriff Dougherty as defendants, to clarify that Petitioner Beth Midkiff was proceeding individually, and to add claims of negligent hiring, supervision, and retention. By order entered on February 26, 2014, the circuit court granted the motion to amend and provided an additional ninety days to serve the added defendants.

In the order dismissing Civil Action No. 13-C-68, entered on June 4, 2014, the circuit court conceded that the motion for leave to amend had been granted, but found that deficiencies in service nevertheless required dismissal of the complaint. The court found, first, that petitioners failed to effect service pursuant to W.Va. R. Civ. P. 4(k) within the court's extended time period, with no justifiable reason for the delay because petitioners had not even attempted service prior to the expiration of the court's extension. The court found, second, that petitioners attempted to serve respondents through the Secretary of State, though W.Va. R. Civ. P. 4(d)(6)(B) requires that a sheriff's department and "unnamed deputies" be served by summons on the county's clerk, commission member, or prosecuting attorney, and that service on "unnamed deputies" violates W.Va. R. Civ. P. 4(a) requiring the party's name on the face of the summons. In addition, the court noted that the sheriff's department was an improper party pursuant to West Virginia Code § 7-1-1(a),[2] and that the sheriff's department enjoyed statutory and qualified immunity. The court stated that its dismissal was made with prejudice.

Prior to the circuit court's entry of the dismissal order described above, petitioners filed the complaint initiating this action on February 7, 2014 (Civil Action No. 14-C-47), within the limitations period. Petitioners therein asserted claims for state constitutional violations; abuse of process; malicious prosecution; negligence; intentional infliction of emotional distress; and negligent hiring, retention, and supervision based on the same allegations described above. The Shepherd University respondents filed a motion to dismiss the complaint on October 8, 2014, on

---

[1] Charges against Petitioner John Midkiff were dismissed pursuant to the State's "Motion to Nolle Prosequi" in September of 2012.

[2] That subsection provides, "The county commission, formerly the county court, tribunal or county council in lieu thereof, of every county within the State of West Virginia shall be a corporation by the name of "The County Commission of .................. County", or "The County Council of ...................... County" by which name it may sue and be sued, plead and be impleaded and contract and be contracted with."

2

the grounds that petitioners failed to effect service on any defendants within 120 days of the filing of the complaint, and that petitioners' claims were barred by res judicata inasmuch as the same claims had been dismissed with prejudice in the circuit court's Civil Action No. 13-C-68. Likewise, the Jefferson County respondents filed a motion to dismiss on the same grounds. Respondents assert that they were served through a process server on September 17 and 18, 2014, respectively, well past the 120-day deadline, which fell on June 7, 2014.

The circuit court entered an order granting the motions to dismiss on April 17, 2015, on the ground that petitioners' claims were barred by the doctrine of res judicata. On appeal, petitioners assert a single assignment of error: that the earlier action, Civil Action No. 13-C-68, was not dismissed on its merits, but rather on procedural grounds, and the circuit court thus erred in finding the instant action, Civil Action No. 14-C-47, barred by res judicata.[3] Because the order on appeal is one granting a motion to dismiss, our review is de novo. Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W.Va. 770, 773, 461 S.E.2d 516, 519 (1995).

The circuit court dismissed the earlier Civil Action No. 13-C-68 for failure to effect service pursuant to Rule 4(k) of the West Virginia Rules of Civil Procedure, which provides:

> Time limit for service. — If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action <u>without</u> prejudice as to that defendant or direct that service be effective within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

(Emphasis supplied.) Contrary to the rule, however, the circuit court pronounced that the dismissal was made with prejudice. This, of course, occurred substantially after the circuit court's grant (and the subsequent expiration) of an extension of time for service. In dismissing the complaint, the court specifically found that petitioners did not show good cause for failing to serve respondents.

---

[3] We have explained:

> Before the prosecution of a lawsuit may be barred on the basis of res judicata, three elements must be satisfied. First, there must have been a final adjudication on the merits in the prior action by a court having jurisdiction of the proceedings. Second, the two actions must involve either the same parties or persons in privity with those same parties. Third, the cause of action identified for resolution in the subsequent proceeding either must be identical to the cause of action determined in the prior action or must be such that it could have been resolved, had it been presented, in the prior action.

Syl. Pt. 4, *Blake v. Charleston Area Med. Ctr., Inc.*, 201 W.Va. 469, 472 (1997).

Petitioners did not appeal the circuit court's dismissal of Civil Action No. 13-C-68 with prejudice, but chose instead to file the complaint instituting this action. We note, however, that when respondents filed motions for dismissal on the res judicata ground, petitioners did not assert that the prior action should have been dismissed with prejudice. Not until petitioners filed their reply brief before this Court did they argue that the earlier dismissal did not comport with the requirements of the rule. For this reason, we decline to consider whether the circuit court erred in dismissing the earlier action with prejudice. "Our general rule is that nonjurisdictional questions . . . raised for the first time on appeal, will not be considered." *Shaffer v. Acme Limestone Co., Inc.*, 206 W.Va. 333, 349 n.20, 524 S.E.2d 688, 704 n.20 (1999). See also, *Whitlow v. Board of Education*, 190 W.Va. 223, 226, 438 S.E.2d 15, 18 (1993) ("Our general rule in this regard is that, when nonjurisdictional questions have not been decided at the trial court level and are then first raised before this Court, they will not be considered on appeal."); *Konchesky v. S.J. Groves & Sons Co., Inc.*, 148 W.Va. 411, 414, 135 S.E.2d 299, 302 (1964) ("[I]t has always been necessary for a party to object or except in some manner to the ruling of a trial court, in order to give said court an opportunity to rule on such objection before this Court will consider such matter on appeal.").

Furthermore, based on the particular facts presented in this case, we find that petitioners failed to comply with an order of the circuit court when they failed to effect service on all defendants within the time extension granted by the circuit court in the earlier case. In failing to comply with that court order, petitioners thus were subject to dismissal of their claims pursuant to Rule 41(b) of the West Virginia Rules of Civil Procedure, which provides for involuntary dismissal "[f]or failure of the plaintiff to . . . comply with these rules or any order of court. . . ." That subdivision specifically provides that such a dismissal "operates as an adjudication upon the merits." The circuit court having given petitioners ample opportunity to comply with Rule 4(k) and with the court's order, we find no error in the dismissal of this, the second, civil action on res judicata grounds.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED: May 25, 2016**

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin

**DISSENTING:**

Justice Margaret L. Workman

**DISSENTING AND WRITING SEPARATELY:**

4

Justice Allen H. Loughry II

LOUGHRY, Justice, dissenting:

I dissent to the majority's affirm of the circuit court's dismissal of this action where the dismissal was based upon the circuit court's patently erroneous conclusion that a dismissal for failure to effect service of process serves as an adjudication on the merits. In an effort to avoid agreeing with this erroneous conclusion, the majority magically transforms an earlier dismissal pursuant to West Virginia Rule of Civil Procedure 4(k)—which is *not* an adjudication on the merits—into a dismissal under Rule 41(b)—which *does* constitute an adjudication on the merits—in order to affirm the circuit court's dismissal on *res judicata* grounds.

To say that this case has had a tortured history is putting it mildly. Boiling it down to its essence, the petitioners filed an action against respondents and, in spite of being granted an extension to effect service of process, failed to do so timely. The circuit court in that action dismissed the action under Rule 4(k),[4] but erroneously dismissed it "with prejudice," in clear contravention of the Rule which only permits dismissal "without prejudice."[5] That decision was not appealed. However, in anticipation of such

---

[4] The circuit court's order further made substantive conclusions regarding whether the Jefferson County Sheriff's Department was a proper party defendant, whether the Jefferson County Sheriff's Department was entitled to immunity, and whether the petitioners could recover punitive damages. None of these findings, however, were made as to the remaining defendants—Shepherd University, Shepherd University Police Department, Officer Moskowitz, Sheriff Dougherty, or the Jefferson County Commission. Moreover, the immunity findings—which were based on the intentional torts pled—would not serve to dismiss the negligence allegations.

[5] West Virginia Rule of Civil Procedure 4(k) provides:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action *without prejudice* as to that defendant or direct that service be effective within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

(emphasis added).

5

a dismissal and in accordance with this Court's instructions,[6] the petitioners filed a second action shortly before the running of the statute of limitations and, again, failed to timely effect service of process on the defendants. Respondents moved to dismiss on the basis of *res judicata*, arguing that the case was identical, contained identical defendants and had previously been adjudicated on its merits, based upon the dismissal "with prejudice." The circuit court summarily concluded—with no analysis—that because the prior case was dismissed "with prejudice," it was necessarily an adjudication on the merits.

Rule 4(k) plainly provides that a dismissal for lack of service of process must be "without prejudice." Commensurately, a dismissal for lack of service has been consistently held not to be an adjudication on the merits. *See Riemers v. State*, 718 N.W.2d 566 (N. D. 2006); *Thomas v. Freeman*, 680 N.E.2d 997 (Ohio 1997); *Brown v. Ameri Star, Inc.*, 884 So.2d 1065 (Fla. Ct. App. 2004). The reasons for this are self-evident. In absence of service, the court lacks personal jurisdiction over the defendants and therefore *cannot* adjudicate the merits of the action. *See Coleman v. Gillespie*, 424 F. App'x 267, 270 (5th Cir. 2011) (finding that where service of process was not effectuated, dismissal must be without prejudice "[b]ecause these defendants were never before the court"); *Colston v. First Guarantee Commercial Mortgage Corp.*, 665 F. Supp. 2d 5, 9 (D.D.C. 2009) ("Because Aurora Bank has not been served properly, the Court lacks personal jurisdiction over it and is powerless to adjudicate the merits of Ms. Colston's allegations against it."); *Fries v. Carpenter*, 567 A.2d 437, 439 (Me. 1989) ("[B]ecause the plaintiffs failed to make a timely service of process on the defendants personal jurisdiction of the defendants was never secured. . . . Accordingly, the dismissal of the plaintiffs' complaint did not operate as an adjudication upon the merits of this case." (citations omitted)); *Western Life Trust v. State*, 536 N.W.2d 709, 712 (N.D. 1995) ("Absent personal jurisdiction, 'the court is powerless to do anything beyond dismissing without prejudice.'").

From this Court's long-standing jurisprudence, the same result obtains. It is beyond cavil that "[t]o enable a court to hear and determine an action, suit or other proceeding it must have jurisdiction of the subject matter and jurisdiction of the parties; both are necessary and the absence of either is fatal to its jurisdiction." Syl. Pt. 3, *State ex rel. Smith v. Bosworth*, 145 W.Va. 753, 117 S.E.2d 610 (1960). Because of this fundamental premise of law, our standard for imposition of *res judicata* reflects precisely

---

[6] Syllabus Point 3 of *State ex rel. Charleston Area Med. Ctr., Inc. v. Kaufman*, 197 W. Va. 282, 284, 475 S.E.2d 374, 376 (1996) *overruled in part by Burkes v. Fas-Chek Food Mart Inc.,* 217 W. Va. 291, 617 S.E.2d 838 (2005) holds that to avoid "the consequence of dismissal" a plaintiff may either seek an extension or "refile the action before any time defenses arise and timely effect service under the new complaint."

this requirement.  Syl. Pt. 4 of *Blake v. Charleston Area Med. Ctr., Inc.*, 201 W. Va. 469, 498 S.E.2d 41 (1997) provides:

> Before the prosecution of a lawsuit may be barred on the basis of res judicata, three elements must be satisfied. First, there must have been a final adjudication on the merits in the prior action *by a court having jurisdiction of the proceedings*. Second, the two actions must involve either the same parties or persons in privity with those same parties. Third, the cause of action identified for resolution in the subsequent proceeding either must be identical to the cause of action determined in the prior action or must be such that it could have been resolved, had it been presented, in the prior action.

(emphasis added).   It is black-letter law that "[p]roper service of process is necessary to confer jurisdiction upon a circuit court[.]"  *State ex rel. Farber v. Mazzone*, 213 W. Va. 661, 666, 584 S.E.2d 517, 522 (2003).

Moreover, a mere mislabeling of the prejudicial nature of the dismissal—whether intentional or unintentional—cannot alter this inevitable conclusion.  The respondents and the circuit court incorrectly focused on the order's dismissal with prejudice, without looking to the underlying basis of the dismissal to determine whether it constituted an adjudication on the merits.  Moreover, the petitioners' failure to appeal the circuit court's dismissal of the first action does not alter the outcome.  It is the order properly on appeal which is fatally flawed inasmuch as it erroneously concludes that the prior dismissal constituted an adjudication on the merits.

As noted above, to avoid this inescapable result, the majority manipulates the record in egregious fashion.  First, the majority castigates the petitioners for failing to argue the circuit court's incorrect dismissal of the first action with prejudice before the court below and therefore "decline[s] to consider" the argument.  While the petitioners did not specifically highlight this error, the entire centerpiece of the petitioners' argument below was that the first dismissal was not an adjudication on the merits.  In that regard, the petitioners seized the appropriate argument more so than respondents who hinged their entire defense on the "with prejudice" language of the order.  Secondly, and somewhat inexplicably, the majority seizes upon the respondents' preoccupation with dismissal for failure to prosecute under Rule 41 and effectively converts the circuit court's initial Rule 4(k) dismissal into one under Rule 41, such as to manufacture an adjudication on the merits which would support the circuit court's *res judicata* analysis. *Nowhere* in the motion to dismiss or order dismissing the original action was Rule 41 so

much as mentioned, nor does the majority provide any support for *sua sponte* altering the nature of the dismissal below.

Finally, the fact that the petitioners likewise failed to effect service of process in the instant action must not guide our resolution. Absent the erroneous *res judicata* ruling, the circuit court would have been left with the determination as to whether a dismissal under Rule 4(k) was appropriate, or if good cause warranted an extension.[7] This Court has held that

> [u]nder Rule 4(k) of the West Virginia Rules of Civil Procedure [1998], factors circuit courts should consider in determining whether to extend the time for service, in the absence of a showing of good cause by the plaintiff, include but are not limited to: (1) whether the defendant evaded service, (2) whether the defendant knowingly concealed a defect in service, (3) whether the statute of limitations has expired, and (4) whether the defendant has been prejudiced by the failure to serve.

Syl. Pt. 4, *Burkes v. Fas-Chek Food Mart Inc.*, 217 W. Va. 291, 293, 617 S.E.2d 838, 840 (2005). Notably, the statute of limitations expired just days after the petitioners filed the instant action. Had the circuit court reached that decision, it may well have found no good cause for an extension, whereupon the petitioners could appeal that decision to this Court and it could have been reviewed under an appropriate standard of review.

By no means should this dissent be construed as approval of the petitioners' extraordinary dilatoriness in obtaining service of process; in fact, this extreme neglect is abhorrent. Nevertheless, the circuit court's plainly erroneous conclusion that this matter had previously been adjudicated on the merits cannot stand under our law. For these reasons, I respectfully dissent. I am authorized to state that Justice Workman joins me in this dissent.

---

[7] The circuit court found this issue moot in light of its ruling on res judicata.

8